Campbell & Jones *vs.* Bowen & Bird.

---

CAMPBELL & JONES, plaintiffs in error, *vs.* BOWEN & BIRD, defendants in error.

1. If articles are purchased by a partner for the legitimate use and business of the firm, then both partners are liable for the payment therefor, notwithstanding the other partner may have notified the vendors of the articles not to extend credit to his associate on account of the partnership.
2. Suit having been brought against partners jointly, the verdict should have been rendered against both and not against one only.

Partnership. Practice. Verdict. Before Judge ROBINSON. Jones Superior Court. October Adjourned Term, 1872.

For the facts of this case, see the decision.

ROBERT A. NISBET, by brief, for plaintiffs in error.

BLOUNT & HARDEMAN, for defendants.

WARNER, Chief Justice.

1. This was an action brought by the plaintiffs against the defendants as partners engaged in cultivating a plantation for the year 1870, on an account for $668 81. On the trial of the case, the jury found a verdict against the defendant Bowen for the sum of $326 31. The plaintiffs made a motion for a new trial, on the ground that the verdict was contrary to the charge of the Court, contrary to law, contrary to the evidence, and without evidence to support it, which was overruled, and the plaintiffs excepted. It appears from the evidence in the record, that the articles mentioned in the account were sold by the plaintiffs to the firm of Bowen & Bird, mainly on the credit of Bowen. It also appears, that in the early part of October, 1870, before the termination of the partnership, either by a dissolution thereof, or by the expiration of the time for which it was limited, Bowen, one of the partners, notified the plaintiffs not to give Bird, the other partner, credit any longer on his account, and that part of the account sued for was for articles purchased by Bird from the plaintiffs after said notice. If the articles purchased by Bird, the other partner, were purchased by him for the legitimate use and business of the partnership, and for the benefit thereof, then, in our judgment, both partners were liable for the payment of them, notwithstanding the notice of Bowen, the other partner.

2. In any event, the suit having been brought against the partners jointly, the verdict should have been rendered against both, and not against one only.

Let the judgment of the Court below be reversed.