46560. BURDELL et al. v. GEORGIA
RAILROAD BANK & TRUST COMPANY.

Jordan, Presiding Judge. The plaintiff sought to recover from Burdell, et al., partners doing business as Jernigan & Associates, on unpaid notes allegedly executed in the name of the partnership by Jernigan, one of the partners. The defendants,

except Jernigan, appeal from the grant of a summary judgment for the plaintiff against Jernigan, Burdell, and Rushing for the entire claim, based on notes dated October 3, 1969, December 4, 1969, and January 5, 1970, and against Eldridge, Fulks, and Phillips for that portion of the claim based on the note dated December 4, 1969. *Held:*

Generally as to third persons all partners are bound by the acts of one of the partners within the scope of the partnership, until dissolution, the commencement of legal proceedings for dissolution, or express notice of dissent to the person with whom a contract is being negotiated. *Code* § 75-302. See *Griffin v. Colonial Bank,* 7 Ga. App. 126 (66 SE 382).

While the lengthy record discloses many conflicts in the evidence, the material facts essential to a summary judgment for the bank as granted by the trial judge are undisputed. Before any loans to the partnership the bank had before it a copy of the partnership agreement dated May 12, 1969, between Jernigan, Burdell, and Rushing, disclosing that Jernigan had more than a 50% interest in profits and losses, and providing that "No partner shall without the consent of the partners who together have an excess of fifty percent (50%) in profits and losses: a. Borrow money in the name of the partnership." Before any of the notes involved in the present proceeding were executed the bank also had before it a partnership agreement dated October 1, 1969, between the three previous partners, and Eldridge, Fulks, and Phillips, which also discloses that Jernigan had more than a 50% interest, and which includes the same provision as the earlier agreement with respect to borrowing money. The notes dated October 3, 1969, and January 5, 1970, are renewals of a note executed before the agreement dated October 1, 1969. The bank credited the partnership with the proceeds of the notes, and there is no evidence that the bank had express notice of any dissent by the partners, or that any of the partners, individually or collectively, desired notice each time a note was signed by a partner with apparent authority to act for the partnership.

In the posture of the appeal before this court, as disclosed by the notice of appeal and the enumerations of error, all that is in-

volved is the adjudication of the liability of three of the partners for the entire claim, and the liability of three others based on one of the notes, and to this extent, the ruling, if affirmed, must be treated as one effectively disposing of the counterclaims of these partners against the bank. To this extent the affirmative showing of the bank to support its claim negates the alleged counterclaims and is uncontroverted by any evidence to preserve a genuine issue of fact for jury determination.

The order appealed from, however, is one purporting to be a final judgment "as to one or more but fewer than all of the claims or parties" which requires "an express determination that there is no just reason for delay." The order before this court includes no such *express* determination, and error on this deficiency is properly asserted. However, such order is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. CPA § 54 (b) (*Code Ann.* § 81A-154 (b)). In view of this deficiency, it must be treated as an interlocutory summary adjudication, subject to revision as provided by the cited statute, and the trial judge is so directed. It nevertheless is an appealable order. Ga. L. 1968, p. 1072 (*Code Ann.* § 6-701 (a 4)); CPA § 56 (h) (*Code Ann.* § 81A-156 (h)).

*Judgment affirmed with direction. Quillian and Evans, JJ., concur.*

ARGUED SEPTEMBER 15, 1971—DECIDED OCTOBER 29, 1971—
REHEARING DENIED NOVEMBER 12, 1971—

*Powell, Goldstein, Frazer & Murphy, David R. Aufdenspring, D. N. Love,* for appellants.

*Cumming, Nixon, Yow, Waller & Capers, O. Palmour Hollis,* for appellee.