60295, 60804. GIBSON et al. v. TALLEY et al. (two cases).

SOGNIER, Judge.

These cases involve legal malpractice. Appellant Helen F. Gibson (formerly Farley), was involved in an automobile collision with Peggy Priest on May 22, 1974. In July, 1974, appellant retained the services of attorneys Bagby and Talley to represent her regarding legal action to be taken as a result of the personal injuries suffered by Gibson in the collision with Priest. On May 1, 1975, Bagby and Talley dissolved their partnership. Talley retained appellant's file and on December 9, 1975, he filed suit against Peggy Priest and her father, Howard Priest, in the Superior Court of Douglas County. The case was tried by Talley in October, 1976. After all the evidence was presented, Peggy Priest was dismissed from the case as a result of her motion to dismiss because of insufficiency of process. The case against Howard Priest was submitted to the jury on the basis of the family purpose doctrine. The jury returned a verdict in favor of defendant Priest which was affirmed by this court. *Farley v. Priest,* 142 Ga. App. 537 (236 SE2d 523) (1977). Gibson subsequently filed an action against Bagby and Talley alleging negligence in the handling of her case against Priest. The trial court granted summary judgment to Bagby based on the fact that the partnership with Talley had been dissolved. Gibson appeals that judgment. After further discovery, Talley filed a motion for summary judgment which was granted and which Gibson appeals.

1. It is undisputed that Bagby and Talley were in a partnership in the practice of law in July, 1974, when Gibson (then Farley) retained Talley to represent her in her personal injury action against Priest. In May, 1975, the partnership was dissolved and Talley assumed sole responsibility for Gibson's case. The suit against Priest was filed in December, 1975 by Talley. Bagby was never involved in the preparation or trial of the case nor did he ever meet appellant Gibson. Generally, all partners are bound by the acts of any one, within the legitimate scope of the business of the partnership, until

dissolution of the partnership. Code Ann. § 75-302; *Burdell v. Ga. R. &c. Co.,* 124 Ga. App. 828 (186 SE2d 291) (1971).

Appellant contends that Talley informed her husband that he would have to consult Bagby about a fee before Talley would release appellant's file on the personal injury action. Said conversation allegedly took place in August or September, 1976, prior to trial, as a result of a settlement offer made by Priest but refused by Gibson. Talley allegedly informed Gibson's husband that Bagby was entitled to share in the fee earned if the case were settled. "A joint interest in the partnership property, or joint interest in the profits and losses of the business, shall constitute a partnership as to third persons. A common interest in profits alone shall not." Code Ann. § 75-102; *Moore v. Harrison,* 202 Ga. 814, 819 (44 SE2d 551) (1947). The uncontradicted evidence is that no partnership between Bagby and Talley existed after May, 1975, and summary judgment in favor of Bagby was not error.

2. Appellant contends that it was error for the trial court to grant summary judgment in favor of Talley where there are questions of fact regarding Talley's alleged negligence in pursuing appellant's personal injury claim against Priest. Attached to appellee's motion for summary judgment was the affidavit of an expert witness for Talley. The expert testified that after reviewing the record and transcript of the personal injury action, it was his opinion that Talley's conduct fell within the parameters of acceptable professional conduct and that his actions were consistent with the exercise of the skill, prudence and diligence of lawyers of ordinary skill and capacity in the legal profession generally. Appellant, in response to Talley's motion for summary judgment, filed her own expert's opinion to the contrary regarding Talley's conduct.

In malpractice actions against attorneys it is essential that competent evidence by experts be presented as to the acceptability or nonacceptability of particular conduct. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. *Berman v. Rubin,* 138 Ga. App. 849, 853 (227 SE2d 802) (1976); *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107) (1978). The rule in Georgia is that "where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant." *Howard v. Walker,* 242 Ga. 406, 408 (249 SE2d 45) (1978). Where, as here, Talley offered an expert's opinion as

to the alleged malpractice and Gibson offered her own expert's opinion in opposition, a question of fact is raised with regard to appellee's negligence.

Appellee argues that the opinion of appellant's expert was not competent and failed to present any evidence in contradiction to appellee's expert testimony. Appellant's expert based his opinion on his education and experience, the standard of care in the the legal profession generally, and specifically, upon review of pertinent portions of the trial transcript; and he concluded that some of appellee's actions failed to conform to the appropriate standard. After a close review of the record and transcript in both the malpractice action and the underlying personal injury action, we are constrained to hold that genuine issues of material fact remain for determination by a jury. It was error for the trial court to grant summary judgment in favor of Talley.

3. Appellant contends that it was error for the trial court to refuse to compel Talley and Bagby to answer certain questions on deposition. Said questions were asked as hypothetical questions posed to elicit appellees' opinions as experts. A broad discretionary power is given to the trial court under the discovery provisions of the Civil Practice Act to assure safeguards against oppressive and unfair questions and demands. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in the absence of abuse. *Dean v. Gainesville Stone Co.,* 120 Ga. App. 315, 316 (170 SE2d 348) (1969). It was not an abuse of discretion for the trial court to refuse to compel the appellees to testify as experts in this case.

4. Appellant argues that it was error for the trial court to enter an order declaring the Consumer Price Index inadmissible at a trial of the case. Appellant seeks to introduce the Consumer Price Index as evidence of damages suffered as a result of the loss of her personal injury claim and the effect that inflation has had on the amount she would have recovered in 1976. Such evidence is hearsay and does not fall within any exception to the hearsay rule. An expert may testify as to what effect inflation may have on future damages. See *Woods v. Andersen,* 145 Ga. App. 492 (243 SE2d 748) (1978). However, that is not the case here. It was not error under the circumstances for the trial court to deny appellants' motion to allow introduction into evidence of the Consumer Price Index. A jury award in favor of appellant, if authorized, should reflect no more than what the evidence shows regardless of whether the amount is inflated or deflated. *J. J. Woodside &c. Co. v. Carr,* 108 Ga. App. 34, 36 (132 SE2d 241) (1963).

5. Finally, appellant contends that the trial court erred in

denying her motion to quash the transcript of her depositions where the court reporter advised that the original deposition could not be released from the court reporter's office, but could be reviewed by appellant in that office. We find nothing in Code Ann. § 81A-130 (e) which requires a court reporter to release the original transcript of a deposition to the custody of any party. The only requirement is that the transcript "be submitted to the witness for examination" unless the party or witness waives such examination. We find no merit in this enumeration of error.

*Judgment affirmed in Case No. 60295; judgment reversed in Case No. 60804. Deen, C. J., concurs. Birdsong, J., concurs in the judgment only.*

60295 ARGUED JULY 8, 1980 — 60804 ARGUED OCTOBER 1, 1980 — DECIDED NOVEMBER 25, 1980 —

*John Genins,* for appellants.
*E. Clayton Scofield,* for appellees.