## 63235. CALE v. JONES.

BIRDSONG, Judge.
This is a legal malpractice case in which the appellant Cale sued attorney John J. Jones for negligence in handling his divorce case. The trial court's grant of summary judgment to the attorney was correct. The appellant Cale centers his appeal on the contention that the appellee did not submit sufficient expert opinion to establish that

he was not negligent, that the appellant by expert opinion affidavit sufficiently contradicted any opinion offered by the attorney that might show he was not negligent, and that the appellant by expert opinion did show the appellee's representation of him fell below the custom and standard of practice generally, all in accordance with the requirements of *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45); *Gibson v. Talley,* 156 Ga. App. 593 (275 SE2d 154); and *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107). *Held:*

The appellant's expert opinion affidavits in this case do not comply with the requirements set forth in the cases just cited sufficiently to defeat summary judgment to the appellee. The appellee submitted expert affidavits stating that in the opinion of the affiants, the attorney's conduct in representing the appellant afforded at least a reasonable degree of skill and care and did not evince any actionable want of care, skill and diligence. This expert testimony, buttressed by the presumption of care, skill and diligence that attaches to services rendered by an attorney, was not directly contradicted by affidavits offered by appellant (*Howard v. Walker,* supra), except by one affiant who based his opinion on his familiarity "with the standards of professional practice *in the community* of attorneys in general" (emphasis supplied), and not upon the "standard of care in the legal profession generally." See *Gibson v. Talley,* supra, p. 595.

Moreover, except for non-specific assertions that the attorney did not raise all the constitutional issues in the divorce and alimony case which the appellant wanted raised, and that unspecified evidence was admitted without proper foundation, the asserted malpractice involves the failure of the attorney to object to the form of the jury verdict, which verdict did not mention or divide certain assets (mainly stocks and securities) which were in joint ownership of appellant and his wife.

As the Supreme Court held when this verdict was attacked on appeal, the verdict was not ambiguous and inherently disposed of this property by leaving it as it was; i.e., in joint ownership. *Cale v. Cale,* 242 Ga. 600 (1) (250 SE2d 467). The verdict was within the range of the evidence. The record does not raise any issue that the attorney's failure to object to it was careless, unskilled and unreasonable in the circumstances of this case, because the verdict on its face was not erroneous or ambiguous and was no more detrimental to the appellant than it was advantageous. Despite any post facto allegations of an expert witness that in his opinion the verdict should have been objected to, a jury in this malpractice case would not in any circumstances be authorized to conclude the attorney was unreasonable and unskilled in failing to object to a verdict which, if he

had objected to it, the jury in its inviolate purview (see Code Ann. § 110-109) might as likely have returned against his client. This is a "what if" case where the allegation of negligence is based on a mere guess that a favorable verdict would have been returned if a certain course had been pursued; therefore, no expert opinion will suffice to create an issue of negligence out of it.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 7, 1982 —
REHEARING DENIED MAY 5, 1982 —

*Paul H. Kehir,* for appellant.
*William S. Goodman,* for appellee.