DECIDED OCTOBER 17, 1983.

*Wayne H. Fore,* for appellants.
*H. Eugene Brown, Robert T. Romeo,* for appellee.

66980. ARRINGTON et al. v. COLUMBIA NITROGEN CORPORATION.

MCMURRAY, Presiding Judge.

Plaintiff (Columbia Nitrogen Corporation) brought suit against M. N. Arrington (defendant) and Hugh M. Lennon, d/b/a Wrens Fertilizer Company (Wrens), to recover monies allegedly owed to plaintiff by Wrens, which at that time was a partnership consisting of Arrington and Lennon. Defendant Arrington defended on the ground that he had expressly notified plaintiff not to sell anything else to Wrens on credit because he (defendant) would not be responsible for any more of Wrens' debts.

On the trial of the case and after defendant had rested subject to rebuttal witnesses, plaintiff made a motion for a directed verdict. Plaintiff argued that if articles are purchased by a partner for the legitimate use and business of the firm (which there is no evidence in the record to show otherwise), then both partners are liable therefor, notwithstanding the other partner may have notified the vendor of the articles not to extend credit to his associate on account of the partnership. To support its contention, plaintiff cited the Supreme Court of Georgia case of *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417 (1873), which stands for this proposition. The trial court, after hearing the arguments on the motion, granted the motion and directed the verdict in favor of the plaintiff and against defendant in the sum of $28,195.81. Judgment was granted to the plaintiff against the defendant Arrington, and he appeals. *Held:*

The sole enumeration of error contends the trial court erred in granting plaintiff's motion for a directed verdict and entering judgment thereon. Defendant contends that to affirm the trial court's decision, the Court of Appeals must reconcile the language of OCGA § 14-8-61 (formerly Code § 75-302) with the 19th Century Supreme Court of Georgia decision of *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417 (1873), supra. Defendant argues that the Code section and the cited case cannot be reconciled, and that the plain language of the Code section must prevail.

Under OCGA § 14-8-61 (Code § 75-302), supra, "All the partners shall be bound by the acts of one, within the legitimate scope of the business of the partnership, until dissolution, the commencement of legal proceedings for dissolution, or *express notice of dissent is given to the person about to be contracted with.*" (Emphasis supplied.) This statutory provision permitting a partner to give an express notice of dissent to a person about to be contracted with dates back to Section 1899 of Georgia Code of 1868 and has remained unchanged since that time.

In the case sub judice, it appears from the evidence in the record that the articles mentioned in the account were sold by plaintiff to Wrens, mainly on the credit of defendant Arrington. It also appears that in December 1980 defendant notified plaintiff not to sell anything else to Wrens on credit and that the account sued for was for articles purchased by Lennon (defendant's partner) from plaintiff after said notice. Thus, under the above statute, it would seem that no liability would exist against either the dissenting partner or the firm, but only against the partner entering into the transaction. In fact, other jurisdictions have so held. See 68 CJS, Partnership § 143 (b) (1950); Bank of Bellbuckle v. Mason, 139 Tenn. 659 (202 SW 931) (1918); Johnston & Co. v. Dutton's Adm'r., 27 Ala. 245 (1855). However, the Supreme Court of Georgia, in a decision entitled *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417 (1873), supra, has held opposite. In *Campbell,* plaintiff (Campbell & Jones) brought suit against the partnership of Bowen & Bird for collection of a business account. Bowen defended on the ground that, prior to dissolution of the partnership, he had notified the plaintiffs not to extend any more credit to Bird depending on his (Bowen's) credit. The Supreme Court upheld the jury verdict against Bowen, holding that both partners were liable for debts incurred for the legitimate use and business of the partnership, *notwithstanding the express notice given by Bowen.*

The Supreme Court made no mention of Section 1899 of the 1868 Code which was in force at the time of the trial. Nor did the court cite any other statutory or case law authority for its holding. Furthermore, insofar as we can determine, the case has never been cited in Georgia as authority for its holding.

"Where previous decisions of [the Supreme Court] are in conflict with a previous statutory enactment, to which no reference is made, such decisions will be rejected as authority, without the formality of reviewing and overruling them. 'It being a choice between an Act of the legislature and a subsequently conflicting decision of the court, the Act of the legislature speaks with imperative and controlling authority and must be followed in preference to the

judicial utterance in conflict therewith.' *Central of Ga. R. Co. v. Jones,* 28 Ga. App. 258, 261 (110 SE 914)." *Murphy v. Harding,* 220 Ga. 634, 636 (140 SE2d 852).

Partners are agents for the partnership firm. *Flynn v. Reaves,* 135 Ga. App. 651, 652 (1) (218 SE2d 661); *Burdell v. Ga. R. Bank &c. Co.,* 124 Ga. App. 828, 829 (186 SE2d 291). However, under general agency principles a third party dealing with an agent is bound by any knowledge of limitations placed upon the authority of the agent by his principal. See in this regard *Hutson v. Prudential Ins. Co.,* 122 Ga. 847 (1), 850-852 (50 SE 1000).

Upon consideration of the language of OCGA § 14-8-61 (Code § 75-302), supra, the well reasoned decisions in other jurisdictions, and of the inconsistencies between *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417, supra, and agency principles as generally applied in Georgia, we conclude that the Supreme Court of Georgia in reaching its decision in *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417, supra, did not address the issue of the applicability of the language of the former version of OCGA § 14-8-61 (Code Ann. § 75-302) to the fact situation common to that case and the case sub judice. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." Webster v. Fall, Secretary of the Interior, 266 U. S. 507, 511 (4) (45 SC 148, 69 LE 411). Therefore, upon the authority of the holding in *Murphy v. Harding,* 220 Ga. 634, 636, supra, we do not view *Campbell & Jones v. Bowen & Bird,* 49 Ga. 417, supra, as controlling in the case sub judice. The trial court erred in granting a directed verdict in favor of plaintiff. "[A] partner may relieve himself of liability for *future* transactions by 'express notice of dissent to the person about to be contracted with,' although otherwise, under the statute, 'all the partners are bound for the acts of any one, within the legitimate business of the partnership.' " *McMillan v. Gilmour,* 49 Ga. App. 400, 405 (175 SE 672).

*Judgment reversed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 17, 1983.

*John R. Murphy III,* for appellants.
*O. Palmour Hollis,* for appellee.