## 67135. STORRS v. WILLS.

McMURRAY, Chief Judge.

This is an action by plaintiff (an attorney licensed to practice law in the State of Georgia) against defendant (an ex-client) to recover fees allegedly owed him by defendant for legal services rendered. Defendant answered, denying the allegation of indebtedness and further, counterclaimed alleging that the plaintiff was negligent in his representation of her with reference to certain retirement fund benefits of defendant's estranged husband.

Plaintiff filed a summary judgment motion as to his complaint and as to defendant's counterclaim, filing in support thereof his own affidavit and an affidavit of one of his associates in the law firm who represented plaintiff. Plaintiff's affidavits, submitted in the capacity of experts, state that plaintiff had represented the defendant in accordance with the requisite standard of care "exercised by the members

of the legal profession in the Atlanta, Georgia area."

The trial court denied summary judgment on plaintiff's complaint. However, as to the legal malpractice counterclaim, the court granted summary judgment in favor of the plaintiff and against the defendant. Defendant appeals, contending the trial court erred in granting plaintiff's motion for summary judgment as to her counterclaim. *Held:*

1. In Enumeration 1 defendant contends the trial court erred by sustaining plaintiff's objection to certain portions of the affidavit of Joseph J. Fine (filed by defendant in opposition to plaintiff's motion for summary judgment or for partial summary judgment) and by ruling that the affidavit of Joseph J. Fine was inadequate as a matter of law. To this end, defendant argues that plaintiff's objection to the affidavit of Joseph J. Fine was waived because it was untimely. Further, defendant argues that even if plaintiff's objection to the affidavit of Joseph J. Fine was timely, it should have been overruled since the affidavit of Joseph J. Fine was sufficient to create an issue as to malpractice and thus, should have been considered by the trial court in ruling on plaintiff's summary judgment motion with respect to defendant's legal malpractice counterclaim. Defendant's contention is without merit.

Here, the only attempt by defendant to submit any evidence as to the claimed legal malpractice was in paragraph 6 of the affidavit of Joseph J. Fine (one of defendant's attorneys), stating, "Affiant feels, based on information and belief, there are questions as to the manner in which plaintiff represented Defendant as to Defendant's interest in the retirement fund of Charles E. Storrs and the manner in which Plaintiff advised Defendant as to her rights as to said retirement fund." This is clearly insufficient to create an issue as to legal malpractice since the affidavit of Joseph J. Fine never once expressed an opinion as to the reasonableness and skill of the plaintiff's conduct. See *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107). Therefore, the affidavit of Joseph J. Fine is inadequate as a matter of law and this is so whether the plaintiff made a timely objection to certain portions of the affidavit or not.

2. In Enumeration 2 defendant contends the trial court erred by granting plaintiff's motion for summary judgment with respect to defendant's legal malpractice counterclaim because a genuine issue as to a material fact still exists. As such, defendant argues that plaintiff's affidavits (upon which plaintiff relies to show that his representation of defendant was conducted in accordance with the reasonable degree of knowledge, skill and care possessed and "exercised by the members of the legal profession in the Atlanta, Georgia area") were not sufficient to meet the burden of proof required to prevail in a motion for summary judgment.

The rule in Georgia is that "where the plaintiff must produce an expert's opinion in order to prevail at trial, when the defendant produces an expert's opinion in his favor on motion for summary judgment and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. [Cits.]" *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45). Here, however, the plaintiff moved for summary judgment solely on the basis of affidavits of legal experts (lawyers) that plaintiff had represented the defendant in the legal matter for which he was retained in accordance with the reasonable degree of knowledge, skill and care possessed and exercised by the members of the legal profession *in the Atlanta, Georgia area*. The rule is that the expert opinion testimony must be based on "the standard of care in the legal profession generally." *Gibson v. Talley*, 156 Ga. App. 593, 595 (275 SE2d 154). See also *Cale v. Jones*, 162 Ga. App. 257, 258 (290 SE2d 154). Thus, plaintiff's (defendant in the counterclaim) and his attorney's affidavits were insufficient as a matter of law to shift to defendant (the ex-client) the burden of producing an expert opinion to the contrary. See *Cale v. Jones*, 162 Ga. App. 257, 258, supra, and *Hughes v. Malone*, 146 Ga. App. 341, 344, supra. Defendant did offer the affidavit of one of her attorneys, Joseph J. Fine. Defendant's expert never stated in his affidavit that plaintiff's conduct in representing defendant was below the requisite degree of skill and care exercised in the legal profession generally. But, plaintiff's affidavit and the affidavit of his attorney failed to set forth that plaintiff had used such skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise *in the legal profession generally*. See *Gibson v. Talley*, 156 Ga. App. 593, 595, supra.

Defendant also contends that this case falls within a class of cases in which expert testimony is not necessary to prevail at trial or to prevent a summary judgment motion from being granted. This contention is not meritorious.

In malpractice actions against professionals, it is essential to plaintiff's cause of action *that competent evidence be presented as to the reasonableness and skill of the practitioner's conduct of the legal profession generally*. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. *Hughes v. Malone*, 146 Ga. App. 341, 345, supra. In the instant case the evidence shows that a discrepancy exists between the testimony of plaintiff and defendant regarding the understanding between the parties as to which of the parties was to inquire into defendant's husband's retirement fund. Such facts do not present a case of "clear and palpable" negligence which would make unnecessary the

production of expert testimony.

As plaintiff's evidence does not pierce the pleadings in the defendant's counterclaim, the trial court erred in granting summary judgment to the plaintiff.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED MARCH 9, 1984 —

*Joseph J. Fine, Paul R. Jordan,* for appellant.
*Warren W. Wills, Jr., A. Paul Cadenhead, E. Clayton Scofield III, Robert U. Wright,* for appellee.