68324. KELLOS et al. v. SAWILOWSKY et al.
(322 SE2d 897)

BIRDSONG, Judge.

This is a legal malpractice action wherein the trial court granted summary judgment to the defendant attorney without stating any reason, and the plaintiffs appeal. See *Kellos v. Parker-Sharpe*, 245 Ga. 130 (263 SE2d 138), which clearly describes the predicament giving rise to this lawsuit by Kellos against his attorney.

1. The plaintiff Kellos retained the appellee to construct an arrangement whereby Kellos would retain silent one-half interest in a newly-formed business corporation. The attorney proposed to do this by having Kellos, through another, lend to the four principals of the corporation, $100,000 of the capital amount secured by one-half of the corporate stock, which by separate written agreements (elections) would be retained by Kellos in lieu of repayment of the loan. The flaw in this arrangement, well described in *Kellos v. Sharpe*, supra, is the attempt to frustrate the right of redemption of collateral in secured transactions *before default* in contravention of OCGA § 11-9-506. The separate written "elections" to repay the loan in the stock (which was the collateral) instead of in money, were, according to Sawilowsky, supposed to be executed contemporaneously with the loan document. He wrote the parties to "please be sure [the documents] are properly dated at the proper dates." However, the loan documents were dated two weeks before the election letters were dated. See *Kellos*, supra, p. 133, fn. 2.

The presumption that services rendered by an attorney are performed in an ordinarily skillful manner, "may be overcome only by competent, expert testimony showing that the services were not performed in an ordinarily skillful manner." *Hughes v. Malone*, 146 Ga.

App. 341, 346 (247 SE2d 107); see *Rose v. Rollins*, 167 Ga. App. 469 (306 SE2d 724).

"In malpractice actions against lawyers, as in the case against other professionals, it is essential to the maintenance of a cause of action that competent evidence be presented as to the reasonableness of the lawyer's conduct. 'Attorneys are very properly held to the same rule of liability for want of professional skill and diligence in practice, and for erroneous or negligent advice to those who employ them, as are physicians, surgeons, and other persons who hold themselves out to the world as possessing skill and qualification in their respective trades or professions.' [Cits.] Hence, except in clear and palpable cases (such as the expiration of a statute of limitation), expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice. [Cits.] The reason for this requirement is simply that a jury cannot rationally apply negligence principles to professional conduct absent evidence of what the competent lawyer would have done under similar circumstances, and the jury may not be permitted to speculate about what the 'professional custom' may be. Expert evidence as to the 'professional custom' is required in malpractice actions against other professionals. [Cits.] Consistence demands a similar standard for attorneys. *Berman v. Rubin*, [138 Ga. App. 849, 854 (227 SE2d 802)]." *Hughes*, supra, pp. 345-346. See also *Self v. Executive &c. Ga.*, 245 Ga. 548 (266 SE2d 168); *Sikorski v. Bell*, 167 Ga. App. 803, 805 (307 SE2d 701); *Killingsworth v. Poon*, 167 Ga. App. 653, 655 (307 SE2d 123).

The appellant's expert evidence did not create an issue of fact according to the above requirements. The expert attorney avowed that Sawilowsky "did not exercise the degree of skill, prudence and diligence as lawyers of ordinary skill and capacity who undertake to represent parties in similar transactions possess and exercise in the State of Georgia . . ." rather than in the profession generally.

This affidavit asserts that Sawilowsky did not do what other ordinarily skilled Georgia attorneys in like circumstances would have done, but in so saying does not "establish . . . 'the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.'" *Sikorski*, supra, p. 805; *Hughes*, supra, p. 345; see also *Storrs v. Wills*, 170 Ga. App. 179, 181 (316 SE2d 758). In the absence of an issue of contestable fact, there is no error in the grant of summary judgment. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (1) (126 SE2d 442).

2. Any alleged failure of the appellee to properly object to the admissibility of the plaintiff's expert affidavit is irrelevant, inasmuch as the affidavit fails not because of inadmissibility but merely because

it is insufficient evidence to raise an issue of fact and prevent summary judgment. Admissibility and sufficiency of evidence, like admissibility and weight of evidence, are two different things. See, similarly, *Storrs v. Wills*, supra.

Judgment affirmed. *McMurray, C. J., Quillian, P. J., Banke, P. J., Sognier and Benham, JJ., concur. Deen, P. J., Carley and Pope, JJ., dissent.*

DECIDED JULY 10, 1984 —
REHEARING DENIED SEPTEMBER 27, 1984 

*Michael T. Turner, Robert W. Beynart, E. Kendrick Smith*, for appellants.
*A. Montague Miller, Thomas W. Tucker*, for appellees.

CARLEY, Judge, dissenting.

I must respectfully disagree with the majority's affirmance of the grant of summary judgment to the defendant attorney in the above-captioned case. The majority finds that summary judgment was correctly granted in favor of the defendant attorney based upon the affidavit of the defendant attorney that his conduct was in accordance with the applicable standard of care, skill and diligence because the majority finds the affidavit submitted on behalf of the plaintiffs to be insufficient. In so deciding, the majority states that "[t]he appellant[s'] expert evidence did not create an issue of fact according to the above requirements. The expert attorney avowed that Sawilowsky 'did not exercise the degree of skill, prudence and diligence as lawyers of ordinary skill and capacity who undertake to represent parties in similar transactions possess and exercise in the State of Georgia . . .' rather than in the profession generally.

"This affidavit asserts that Sawilowsky did not do what other ordinarily skilled Georgia attorneys in like circumstances would have done, but in so saying does not 'establish . . . 'the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.'' [Cits.]" (Majority opinion, p. 264).

To the extent that the majority's above pronouncement indicates that the affidavit is deficient because it refers to the degree of care, skill and diligence utilized by lawyers "in the State of Georgia" as opposed to that exercised by the "profession generally," I must disagree. It is certainly true that in both legal and medical malpractice actions, the applicable standard of care is that exercised by members of the profession generally and not in a specific location. For example, see *Storrs v. Wills*, 170 Ga. App. 179 (316 SE2d 758) (1984), cited by the majority. In *Storrs*, the affidavit was insufficient because it re-

ferred to the degree of skill and care exercised by attorneys "in the Atlanta, Georgia area." However, when in this state we are referring to "the legal profession," we must necessarily be referring to members of the State Bar of Georgia. Laws, rules of procedure, and customs applicable to attorneys practicing pursuant thereto vary from state to state. The rules and standards prevailing in a particular jurisdiction apply there and not elsewhere. Accordingly, an affidavit which refers to the standard of conduct which is appropriate in the State of Georgia should not be deemed insufficient merely because the standard is not expressed in terms of "the profession generally."

It is to be noted that the majority, after finding the plaintiff's expert's affidavit insufficient, would affirm summary judgment based solely upon the defendant-appellee's affidavit. That affidavit states in paragraph 6 thereof as follows: "That in the preparation of said documents and in his representation of the plaintiff pertaining to same, defendant did at all times use that degree [of] skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise *in the State of Georgia* in the performance of the tasks which they undertake." (Emphasis supplied.) Accordingly, if the majority's determination of insufficiency is based upon the reference to the "State of Georgia" rather than the "profession generally," the appellee's affidavit suffers from the same malady and summary judgment would be inappropriate. In this connection, I recognize that the defendant attorney has the benefit of the presumption "that the legal services were performed in an ordinarily skillful manner." *Hughes v. Malone*, 146 Ga. App. 341, 349 (247 SE2d 107) (1978). However, the present status of the law with regard to handling of motions for summary judgment in a professional negligence case was initially set forth by our Supreme Court in *Howard v. Walker*, 242 Ga. 406, 408 (249 SE2d 45) (1978). In *Howard*, the court held "that in those cases where the plaintiff must produce an expert's opinion in order to prevail at trial, *when the defendant produces an expert's opinion in his favor on motion for summary judgment* and the plaintiff fails to produce a contrary expert opinion in opposition to that motion, then there is no genuine issue to be tried by the jury and it is not error to grant summary judgment to the defendant. [Cits.]" (Emphasis supplied.) See also *Storrs v. Wills*, supra; *Cale v. Jones*, 162 Ga. App. 257 (290 SE2d 154) (1982); *Rose v. Rollins*, 167 Ga. App. 469 (306 SE2d 724) (1983). Thus, while the presumption can and does bolster an attorney's expert evidence showing the exercise of the requisite skill, care and diligence, the presumption in and of itself is not a sufficient basis for the grant of summary judgment in favor of the attorney. If the attorney-movant does not submit expert evidence upon his or her motion, then the plaintiff has no burden to come forward with expert evidence of professional negligence.

The majority also states that the appellants' affidavit is insufficient because it does not establish "the parameters of acceptable professional conduct." My review of the affidavit compels me to reach the opposite conclusion. In this case, plaintiffs' complaint alleged that appellee incompetently represented appellants in a complex business transaction. In addition to stating his opinion that the appellee deviated from the applicable standard of conduct, appellants' expert swore: "That in exercising that degree of skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the State of Georgia in the performance of the tasks which they undertake, such lawyers first determine whether they possess that degree of skill and competence which, with reference to the character of the business they undertake to do, is necessary to competently represent the client with the level of skill utilized by lawyers who regularly perform such tasks." Accordingly, I believe that the appellants' expert's affidavit sufficiently sets forth the "parameters of acceptable professional conduct" so as to give a predicate for that expert's opinion that the appellee in this case failed to comply with that standard.

The only basis upon which to support the majority's disallowance of the appellants' affidavit in this case is to declare that the affidavit simply does not contain the necessary "magic words" required by law. This approach has been disapproved by this court and the Supreme Court of Georgia. "Magic words alone, no matter how often repeated, do not make a fact. Rather the facts in the record must be sufficient to meet the legal standard embodied in the magic words." *Jackson v. Gershon*, 251 Ga. 577, 579 (308 SE2d 164) (1983). See also *Lawrence v. Gardner*, 154 Ga. App. 722, 724-725 (270 SE2d 9) (1980). Because the words used in the affidavit of appellants' expert in the instant case adequately express the applicable standard of care and the expert's opinion as to the deviation from that standard of care, I would reverse the grant of summary judgment in favor of appellee. Accordingly, I respectfully dissent.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent.