41660. KELLOS et al. v. SAWILOWSKY et al.
(325 SE2d 757)

MARSHALL, Presiding Justice.

In this legal-malpractice action, defendant Sawilowsky supported his motion for summary judgment by his own affidavit that he exercised "that degree of skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise *in the State of Georgia . . .*" (Emphasis supplied.) Plaintiffs Kellos opposed the motion with the affidavit of an attorney, averring that, in his opinion, Sawilowsky "failed to exercise that degree of skill, prudence and diligence as lawyers of ordinary skill and capacity ·. . . possess and exercise *in the State of Georgia.*" (Emphasis supplied.) The trial court granted summary judgment to the defendant-attorney without stating any reason. The Court of Appeals, in a split decision, affirmed. *Kellos v. Sawilowsky*, 172 Ga. App. 263 (322 SE2d 897) (1984). The majority opinion held, on p. 264, that "[t]he appellant's expert evidence did not create an issue of fact according to the above requirements," and that the affidavit had used the standard of the practice "in the State of Georgia," rather than "in the profession generally." We granted certiorari to determine whether, in a legal-malpractice action in Georgia, the applicable standard of skill, prudence and diligence of attorneys practicing in Georgia is that of the "locality" (i.e., the State of Georgia) or of the legal profession generally, *if these standards differ.* *Held*:

In *Storrs v. Wills*, 170 Ga. App. 179, 181 (316 SE2d 758) (1984), the rule is stated to be "that the expert opinion testimony must be based on 'the standard of care in the legal profession generally.' *Gibson v. Talley*, 156 Ga. App. 593, 595 (275 SE2d 154). See also *Cale v. Jones*, 162 Ga. App. 257, 258 (290 SE2d 154)." Reference to *Gibson*, supra, reveals that, although the appellant's expert there based his opinion on the standard of care in the legal profession generally, no

authority is cited and no specific holding is made that this is the applicable standard. In *Cale*, supra, reliance upon the "standard of care in the legal profession generally" is based upon, in addition to *Gibson* (already examined above), the cases of *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45) (1978), and *Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107) (1978). In *Howard*, supra, we dealt with the propriety of granting summary judgment based upon opinion evidence in a legal-malpractice action; the issue of the applicable standard of care was not involved. Similarly, in *Hughes*, supra, the opinion dealt with the issue of the effectiveness of the attorney's representation, rather than the issue of the applicable standard. Thus, we have found no authority for the purported rule that the standard of care is in the legal profession generally.

In the final analysis, the local standard versus the standard of the legal profession generally may be a distinction without a difference. Our courts have held that an attorney's duty is " 'to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake[,]' " and that " '[a]n attorney is not bound to extraordinary diligence. He is bound to *reasonable* skill and diligence, and the *skill* has reference to the character of the business he undertakes to do.' [Emphasis in original.] *Cox v. Sullivan*, 7 Ga. 144, 148 (50 AD 386). Thus, *while the standard of care required of an attorney remains constant, its application may vary. O'Barr v. Alexander*, 37 Ga. 195. [Emphasis supplied.] Two important considerations in particularizing this rather general standard in a given case are the number of options available to the attorney and the amount of time which he has to consider them." *Berman v. Rubin*, 138 Ga. App. 849, 851 (227 SE2d 802) (1976). "The effectiveness of representation may also be judged by the familiarity of counsel with the case, including counsel's opportunity to investigate and diligence in doing so, in order meaningfully to advise the client of his options." *Hughes v. Malone*, 146 Ga. App. 341, supra, p. 346. Our conclusion from the above is that the standard of care required of an attorney remains constant — whether he is considered as a practitioner of a given State or as a practitioner of "the legal profession generally" — and that only the applications of care vary from jurisdiction to jurisdiction and from situation to situation. Hence, there is no particular value in using the standard in the individual State, but on the other hand there is nothing inaccurate or wrong with it either. In other words, in the case at bar, the fact that the standard used was that of the State of Georgia did not adversely affect the sufficiency of the showing on the motion for summary judgment.

For purposes of practicality in pleading, however, we hold that the applicable standard in Georgia is that of the practitioners in

Georgia, there being no ascertainable standard of "the legal . . . profession generally."

Since the plaintiffs' affidavit did not "establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice," as the majority of the Court of Appeals held, the unjustified insistence upon the standard of care in the legal profession generally does not mandate a reversal of the grant of summary judgment in favor of the defendant.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 19, 1985.

*Smith, Gambrell & Russell, Robert W. Beynart, Patricia E. Ratner,* for appellants.

*Dye, Miller, Tucker & Everitt, A Montague Miller, Thomas W. Tucker,* for appellees.