### 69953. DANIEL v. EARLE.
(331 SE2d 19)

BANKE, Chief Judge.

The appellant sued the appellee to recover damages for alleged legal malpractice. This appeal is from the grant of the appellee's motion for summary judgment.

The appellant was arrested for theft of services after he retrieved his car from a towing company without paying the towing fee. The car had apparently been towed from an unauthorized parking place. The appellee was appointed to represent the appellant on the theft charge and met with him at the county jail, where the appellant was serving an unrelated sentence for contempt. In an affidavit submitted in support of his motion for summary judgment, the appellee states that

during this meeting, the appellant maintained he was the reincarnated Jesus Christ and that he was being persecuted by the citizens of Thomasville, Georgia. The appellee further states that based on these statements, he was prompted to move that his client be given a psychiatric evaluation. The motion was granted, and the appellant was removed to the State Mental Hospital at Milledgeville, Georgia, where he remained for some 25 days.

In essence, the appellant alleges that the appellee either knew or should have known that such detention would result from the motion and that, given the minor nature of the offense with which he was charged, the filing of the motion consequently constituted malpractice. *Held*:

1. "[T]he presumption is that the legal services were performed in an ordinarily skillful manner. This presumption remains with the attorney until the presumption is rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper. Should this presumption be rebutted by expert legal testimony, there is presented for the jury a question of fact." *Hughes v. Malone*, 146 Ga. App. 341, 349 (247 SE2d 107) (1978); also, *Rose v. Rollins*, 167 Ga. App. 469 (2) (306 SE2d 724) (1983).

In this case, the appellant has produced the opinions of his own and another attorney to the effect that, given the circumstances, the appellee's request for a psychiatric evaluation constituted "a failure to conform with minimal standards of competent attorneys." Furthermore, in his own affidavit, the appellant denies that he furnished grounds for the requested psychiatric evaluation, or that he ever claimed to be the reincarnated Jesus Christ. Consequently, we are constrained to hold that genuine issues of material fact remain for determination by a jury. See generally *Gibson v. Talley*, 156 Ga. App. 593 (275 SE2d 154) (1980).

2. In a separate enumeration of error, the appellant contends that the trial court erred in failing to grant his motion to compel discovery. The trial court determined the motion to be moot in view of his grant of summary judgment for the appellee. In view of our holding in Division 1, that motion may again be presented to the trial court for ruling.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 9, 1985 —
REHEARING DENIED APRIL 29, 1985.

*James N. Finkelstein*, for appellant.