73766. LOVING et al. v. NASH.
(355 SE2d 448)

BIRDSONG, Chief Judge.

We granted this interlocutory appeal because it appeared the

trial court erred in denying summary judgment to the defendant dentist, Dr. Loving.

Charlotte Nash sued Dr. Loving, Dr. Loving P.C., and Dr. John Doe I and P.C. in a complaint which alleged that defendants "negligently extracted two teeth [and] negligently prescribed various medication . . . which proved harmful [and] negligently performed a root canal [and] negligently prescribed various medication . . . which proved harmful [and as the result of which] . . . plaintiff Nash received severe damage to her entire mouth in that it did become infected causing her to lose a number of teeth," all of which happenings she alleged constituted negligence, wilful and wanton negligence, and a battery.

The defendant submitted an affidavit swearing that he was engaged in the practice of oral and maxillofacial surgery, and on April 18, 1983, Ms. Nash "presented to my office with [sic] a toothache in the upper left jaw. Ms. Nash was under my care and treatment . . . from April 18, 1983, until April 26, 1983 [during which time] I conducted examinations, performed extractions, performed post-operative care of the extraction sites, and prescribed medications. When I last saw Ms. Nash in my office on April 26, 1983, I instructed her to return on April 28, 1983, but she did not keep her return appointment." He then averred that at all times material to his care and treatment of Ms. Nash, he complied with the appropriate standard of care which he expressly set forth. He moved for summary judgment.

By response, the plaintiff introduced the affidavit of a Dr. Kennedy, who averred: "I have reviewed the following medical and dental records which are enclosed with this Affidavit and incorporated herein by reference: [and he named the dental records of five dentists, including himself and Dr. Loving, a medical doctor, and Georgia Baptist Hospital Emergency Room, which reflected the care and treatment provided by each to Charlotte Nash]." He averred that he had reviewed the affidavit of Dr. Loving, "and I dispute the facts as described therein and do not concur with the conclusions and/or opinions in that affidavit. I am familiar with the standard [of procedures and] after review of the documents it is my dental opinion that the treatment and care rendered to Charlotte Nash by [Dr. Loving] did not meet the [appropriate standard of care and further] that but for a lack in that degree in care and skill . . . Charlotte Nash would not have sustained the degree of pain and suffering and the injury of which she complains."

The defendant Dr. Loving disputed the sufficiency of Ms. Nash's expert affidavit on the basis that the "attached medical records" relied upon by Dr. Kennedy in stating his affidavit opinion were uncertified. The trial court found defendant's objection to be a "supratechnical argument" which it was "not inclined to embrace." The trial

court held that Dr. Kennedy's affidavit opinion was "not wholly confined to uncertified medical records," but was sufficient for the purpose of raising a genuine issue of fact because in it he based his opinions on his personal knowledge of the facts of the case and "goes on to state the particulars" in which he believes the defendants were negligent in compliance with *Hayes v. Murray*, 252 Ga. 529, 531 (314 SE2d 885). *Held*:

1. It is established in this state that in medical malpractice cases, the professional defendant may defend by asserting that in his treatment of the plaintiff, he complied with the specific standard of care in the profession; and if he does so, giving his own expert opinion or any others, then in order to prevail the plaintiff at the minimum must counter that expert opinion with a contrary expert opinion in her behalf, so as to create an issue of fact for a jury. *Howard v. Walker*, 242 Ga. 406 (249 SE2d 45). To be sufficient to controvert the defendant's expert opinion and create an issue of fact, the plaintiff's expert must base his opinion on medical records which are sworn or certified copies, or upon his own personal knowledge; *and* he must state "the particulars in which the defendant's treatment of the plaintiff was negligent." *Crawford v. Phillips*, 173 Ga. App. 517 (326 SE2d 593). OCGA § 9-11-56 (e); *Hayes v. Murray*, supra. The requirement that the medical records or other material upon which the plaintiff's expert offers his controverting opinion, be certified or be a part of the record, arises out of the hearsay nature of the records or documents relied upon. *Bush v. Legum*, 176 Ga. App. 395, 397 (336 SE2d 284). See *Jones v. Rodzewicz*, 165 Ga. App. 635 (302 SE2d 402). If the plaintiff's expert's opinion be not based upon matters of record or certified medical documents, he may base his opinion upon *personal knowledge of the facts of the case*, if he has any. The requirement that a plaintiff's expert opinion be based on certified medical records or matters of record, or based on personal knowledge of the facts, responds to the question of hearsay as the foundation for an opinion, and conforms to the rule that mere conclusions are not sufficient to create issues of fact. See *Strickland v. C & S Nat. Bank*, 137 Ga. App. 538, 540 (224 SE2d 504). But *in either case*, the plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827 (348 SE2d 98). She must *state the particulars*. She must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. *Bushey*, supra; *Kellos v. Sawilowsky*, 172 Ga. App. 263 (322 SE2d 897), aff'd 254 Ga. 4 (325 SE2d 757).

Nowhere is the necessity of this requirement more evident than in this case. Nowhere does the plaintiff state what it was Dr. Loving

supposedly did to negligently injure this plaintiff. Requiring a plaintiff to make a prima facie case in a medical malpractice suit is not a "supra-technical rule." The plaintiff said Dr. Loving was negligent; Dr. Loving, who has no burden to prove he was not, swore by affidavit he was not and moved for judgment. To stay in court the plaintiff had to come forward with specifics.

Plaintiff's argument and the trial court's conclusion that Dr. Kennedy stated particulars of negligence because Kennedy's affidavit directly "disputed" the defendant's own affidavit, are completely unfounded. Her "dispute" amounts to nothing, because the defendant, who has no burden to set out all the things he did right on the mere assertion that he did something wrong, did not state any particulars in his own affidavit.

There may well be many cases where a professional causes a grievous harm to a plaintiff through malfeasance, but every defendant has the right to be advised what harm he has done, and in every case a plaintiff must show prima facie that a negligent act has been committed. A plaintiff in a malpractice case cannot be allowed to prove less. "Rather than setting out what should have been done and comparing that to what was done, the [plaintiff's expert's] affidavit merely concluded that [defendants'] treatment did not meet the appropriate standard of care. Such an affidavit, failing to establish the parameters of acceptable professional conduct, is not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment." *Beauchamp v. Wallace*, 180 Ga. App. 554, 555 (349 SE2d 791). It follows that the trial court erred in denying summary judgment to the defendants.

2. Because this plaintiff has utterly failed to create or sustain an issue of *fact* that defendant was negligent, we do not reach plaintiff's argument that an expert opinion is not based on hearsay if it is based upon medical records which in pleadings the defendant doctor has admitted are genuine.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 5, 1987 —
REHEARING DENIED MARCH 19, 1987.

*Joseph W. Watkins, Lance D. Lourie*, for appellants.
*Edward J. Bauer, William J. Deangelis*, for appellee.