## 74691. MARTIN v. WILSON.
### (361 SE2d 209)

Pope, Judge.

Plaintiff Wilson brought his complaint against defendant Martin and other physicians alleging their professional negligence proximately caused injury to, and ultimately the death of, plaintiff's wife. Essentially, plaintiff alleges defendant was negligent in prescribing the drug Dolobid to his wife when he knew she was also taking the drug Coumadin. In support of his motion for summary judgment defendant filed his own affidavit stating generally that he exercised the appropriate degree of care in his treatment of the decedent. In opposition to the motion plaintiff offered the affidavit of a physician stating generally that defendant failed to meet the degree of care required of a reasonable physician under the circumstances. Defendant's motion was denied.

1. The primary issue in this case is whether the affidavit of plaintiff's expert was sufficient to controvert the defendant's opinion and create an issue of fact. This issue is virtually identical to that addressed in Division 1 of the opinion in *Loving v. Nash*, 182 Ga. App. 253 (355 SE2d 448) (1987). Here, as in *Loving*, the plaintiff's expert failed to "establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom." Id. at 255. Applying the rationale of *Loving* to the facts of the case at hand, we reverse the trial court's denial of summary judgment to defendant.

2. We reject plaintiff's argument that defendant's motion should fail for his failure to attach to the motion a separate statement of his theory of recovery pursuant to Rule 6.5 of the Uniform Superior Court Rules. Because the motion itself contained a clear and concise statement of the theory of recovery upon which the motion was grounded, failure to file a separate pleading resulted in no confusion or disadvantage to the plaintiff in defending the motion.

3. We also reject plaintiff's argument that issues remain since the affidavit submitted by defendant failed to address the allegation of his joint liability with the other doctors named in the complaint. The only allegations of the complaint which relate to defendant Martin concern his prescription of drugs to the decedent. The complaint alleges no facts by which the alleged negligence of the remaining defendants could be imputed to defendant Martin. The motion and affidavit fully address the allegations made against this defendant thereby entitling him to summary judgment.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987.

*Carr G. Dodson, Bradley J. Survant*, for appellant.
*Alfred N. Corriere, G. Stuart Watson*, for appellee.