## 75987. SPARKS v. HOFF.
(368 SE2d 830)

SOGNIER, Judge.

Melanie Sparks brought suit against Dr. Robert Hoff for dental malpractice in the performance of a tooth bonding procedure that allegedly resulted in the destruction of gum tissue above the bonded teeth. The trial court granted summary judgment in favor of Hoff and Sparks appeals.

We note initially that this cause of action arose prior to the effective date of OCGA § 9-11-9.1. In support of his motion for summary judgment, appellee submitted his own affidavit in which he averred the dental services he rendered appellant were performed with the degree of care and skill exercised by dentists generally under like or similar circumstances. In rebuttal, appellant submitted the affidavit of Dr. Stanley Halpern, the periodontal specialist she had consulted when she began to experience pain in the gum area above the bonded teeth. Dr. Halpern stated in his affidavit that he examined appellant and that the tissue destruction experienced by appellant "would not have occurred with the exercise of the degree of care exercised by dentists generally under like or similar circumstances." Included in the record for consideration on appellee's motion was Dr. Halpern's deposition. In his deposition, Dr. Halpern emphasized that the tissue destruction experienced by appellant would not occur under normal circumstances. However, Dr. Halpern agreed that the fact that the tissue destruction did occur did not indicate that appellee failed to exercise the appropriate degree of care, that he had no criticism of appellee at all from a professional point of view, and that, upon reflection, reviewing his affidavit, he did not intend to convey to anyone or to indicate that it was his opinion appellee failed to exercise that degree of care that is exercised generally by dentists under like or similar circumstances. While Dr. Halpern did discuss the possible causes of the tissue destruction and hypothesized several situations demonstrating how the damage could have occurred, appellant's counsel failed to elicit any responsive answer from Dr. Halpern to questions regarding whether appellee had failed to exercise the degree of skill and care required by dentists generally under those hypothesized situations. Dr. Halpern did agree with the statement that he did not intend "to exclude any possibility or the possibility of error on the part of the original treating dentist, that being [appellee], in the tissue destruction that occurred to [appellant]," responding: "I agree you can't exclude it. I wasn't there. I don't know and I don't think you could exclude that."

We affirm the trial court's grant of summary judgment in favor of appellee. In *Loving v. Nash*, 182 Ga. App. 253 (355 SE2d 448) (1987), this court noted that where a professional defendant in a medical

malpractice case has defended himself by averring in his expert capacity that he complied with the specific standard of care in the profession in his treatment of the plaintiff, "then in order to prevail the plaintiff at the minimum must counter that expert opinion with a contrary expert opinion in her behalf, so as to create an issue of fact for a jury. [Cit.] To be sufficient to controvert the defendant's expert opinion and create an issue of fact, the plaintiff's expert must base his opinion on medical records which are sworn or certified copies, or upon his own personal knowledge; *and* he must state 'the particulars in which the defendant's treatment of the plaintiff was negligent.' [Cits.]" Id. at 255 (1). Since the record clearly reveals that Dr. Halpern's expert opinion was based upon his personal knowledge, it is necessary to address only the second aspect presented in *Loving*, namely, that "the plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. [Cit.] She must *state the particulars*. She must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. [Cits.]" Id.

The record sub judice is devoid of any evidence establishing the "parameters of the acceptable professional conduct" in that it contains no medical testimony to inform the jury of the proper method for treating a case such as appellant's, i.e., what should have been done, and comparing that to what was actually done, so as to illustrate the professional malfeasance involved. See *Beauchamp v. Wallace*, 180 Ga. App. 554, 555 (349 SE2d 791) (1986). Compare *Greene v. Fulton-DeKalb Hosp. Auth.*, 177 Ga. App. 499 (1) (339 SE2d 770) (1986). Upon a motion for summary judgment made by a professional in a medical malpractice suit, we have stated that "every defendant has the right to be advised what harm he has done, and in every case a plaintiff must show prima facie that a negligent act has been committed." *Loving*, supra at 256 (1). In view of appellant's failure to carry her burden on motion for summary judgment, the trial court's judgment in favor of appellee must be affirmed.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 25, 1988.

*Harry P. Baskin, Jr.*, for appellant.
*Palmer H. Ansley, David A. Sapp*, for appellee.