## 55567. SKINNER v. HUMBLE OIL & REFINING COMPANY.

DEEN, Presiding Judge.

C. B. Skinner appeals from an order of the State Court of Fulton County granting Humble Oil & Refining Company's motion for summary judgment.

Appellant paid Mr. Whitfield, manager of appellee's service station on Chamblee-Tucker Road, Doraville, to maintain and store his 1972 Harley Davidson motorcycle. On August 27, 1972, the motorcycle was stolen from the service station, and appellant subsequently filed suit against appellee claiming its employees and agents were negligent in protecting his motorcycle and sought three thousand dollars in damages. Appellee's answer denied the alleged negligence and asserted that the sole and proximate cause of Skinner's injury was burglars who entered the premises by unlawful and forcible means.

In his deposition, appellant admits that he regularly

visited the service station and was completely satisfied that his vehicle was well cared for, he knew where it was stored, and that he believed there was no need to take extraordinary precautions to protect the storage area from burglars. He also admits knowing that the window of a sliding door was broken during the burglary, but believes that the burglars had concealed themselves somewhere inside the station until after closing time and then broke the window from the inside. His sole allegation of negligence attributable to appellee is that: "The lock that locks the door, the overhead door, was left on the drum. It was never locked that night, according to this boy James that worked for him." Q. "James who?" "I don't know his name, I know where he lives. I know what kind of car he drives, but I don't know his name. . . James told me that he came in the next morning and it took three keys to open three locks, one for each door, and he got to the last one and it weren't locked. The lock was not on it, that the lock was laying on a 30 gallon drum they had as a catch all table." There is no affidavit from James in the record and appellant admits that he never reported the lock story to either the investigating officer or in later conversations with the police or in his letter of October 4, 1972, to appellee. He does, however, claim that he mentioned it to the station manager. *Held:*

1. Code Ann. § 12-104 provides: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." Appellee admits Skinner has made out a prima facie case of bailment and loss and that appellee then has the burden to rebut any and all inferences of negligence and show that it exercised the degree of care that is required under Code Ann. § 12-103. Appellant's admissions in his deposition indicate that he was satisfied with the care that his motorcycle was receiving. "In the absence of clear contractual provisions to the contrary, a bailee in a mutual benefit bailment is not an insurer of bailed property. Under the statutory and common law of this State, as interpreted by the courts, the diligence required of the bailee in this type bailment is ordinary care." *Gillham v. Federal Express &c., Inc.,* 112 Ga. App. 171, 173 (144 SE2d 557) (1965).

2. Appellant's only evidence of negligence is his

hearsay testimony that someone named James told him that the lock had been left off the sliding door where the motorcycle was stored. "Evidentiary rules regarding the admissibility or inadmissibility of evidence are applicable in a summary judgment proceeding. [Cit.]" *Doyal & Assoc. v. Blair,* 138 Ga. App. 314, 316 (226 SE2d 109) (1976). Therefore, appellant's hearsay evidence is without probative value and could not have been considered by the trial court unless it is part of the res gestae. Code Ann. § 4-315. As it is a narrative of past events rather than part of the res gestae, it is not admissible. *Southern R. Co. v. Allen,* 118 Ga. App. 645 (165 SE2d 194) (1968).

3. "Code Ann. § 81A-156 (e) provides that when a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him, *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974); *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580) (1964)." *Meade v. Heimanson,* 239 Ga. 177, 178 (236 SE2d 357) (1977). " 'The purpose of the Summary Judgment Act . . . is to eliminate the necessity for a trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law.' . . . As written, Code Ann. § 81A-156 places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him. . . One opposing the motion must present the essence of his case or else suffer judgment against him. As stated in the Act itself, a response 'must set forth specific facts showing that there is a genuine issue for trial.' " *Meade v. Heimanson,* supra, at 179.

In the present case, appellee has met his burden of showing that no material issues of fact exist, but appellant has not met his burden of coming forth with rebuttal evidence. He readily admits that the appellee exercised ordinary care and offers no admissible proof to the contrary. Accordingly, this judgment must be affirmed.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 2, 1978 — DECIDED
MARCH 17, 1978.

*Brackett, Arnall & Stephens, C. F. Brackett, Jr.,* for appellant.

*Jones, Bird & Howell, Arthur Howell, III,* for appellee.