72511. BEAUCHAMP v. WALLACE.
72512. BEAUCHAMP v. OLIVER.
(349 SE2d 791)

BENHAM, Judge.

These are appeals from the grant of summary judgment to the defendant-doctors in a medical malpractice action. Each of the doctors filed a motion for summary judgment supported by his own affidavit. Each doctor's affidavit stated, in essence, that in his expert opinion the medical care and treatment by him equaled or exceeded that degree of care and skill exercised by the medical profession generally under similar conditions and like circumstances, and that no act or omission on his part caused or contributed in causing, either directly or proximately, the death of his patient. To counter appellees' affidavits, appellant filed two affidavits by another doctor who opined, on the basis of almost 1,300 pages of medical records which were attached to the affidavit as an exhibit, that the treatment rendered by appellees failed to meet that degree of ordinary skill and care required of the medical profession generally under the same or similar circumstances and that significant deviations from that standard of care by appellees directly and proximately caused the death of the patient.

In a medical malpractice case, a defendant-doctor's affidavit stat-

ing his expert opinion that his care of the patient met the appropriate standard of care establishes the defendant's right to summary judgment unless the plaintiff counters with a contrary opinion by an expert. *Payne v. Golden*, 245 Ga. 784 (267 SE2d 211) (1980); *Nettles v. Laws*, 172 Ga. App. 241 (322 SE2d 546) (1984). That expert opinion in opposition to the defendant's motion for summary judgment must establish " 'the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice.' [Cit.]" *Sikorski v. Bell*, 167 Ga. App. 803 (307 SE2d 701) (1983). In *Hughes v. Malone*, 146 Ga. App. 341 (247 SE2d 107) (1978), this court cited in support of the requirement for establishing the parameters of acceptable professional conduct, the cases of *Howell v. Jackson*, 65 Ga. App. 422 (16 SE2d 45) (1941), and *Pilgrim v. Landham*, 63 Ga. App. 451 (11 SE2d 420) (1940). From those cases it may be seen that the requirement set out in *Hughes* and *Sikorski* means that the plaintiff must produce "medical testimony . . . to inform the jurors what is a proper method of treating the particular case." *Howell*, supra at 423.

Appellant's expert's affidavits did not meet that requirement. Rather than setting out what should have been done and comparing that to what was done, the affidavit merely concluded that appellees' treatment did not meet the appropriate standard of care. Such an affidavit, failing to establish the parameters of acceptable professional conduct, is not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment. *Kellos v. Sawilowsky*, 172 Ga. App. 263 (322 SE2d 897) (1984). See also *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827 (348 SE2d 98) (1986). Compare *Jackson v. Gershon*, 251 Ga. 577 (308 SE2d 164) (1983). It follows that the trial court's grant of summary judgment to appellees was not error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 15, 1986.

*G. Michael Agnew*, for appellant.
*Samuel P. Pierce, Jr., John A. Gilleland, Terrance C. Sullivan, Timothy N. Toler*, for appellees.