### 74079. CONNELL et al. v. LANE.
(360 SE2d 433)

BEASLEY, Judge.

Mr. and Mrs. Connell appeal from the grant of summary judgment to defendant Lane in their suit for medical negligence and loss of consortium. The trial court concluded that the action was barred by the applicable statute of limitation, OCGA § 9-3-71, and that plaintiffs' expert affidavits were insufficient under *Bushey v. Atlanta Emergency Group*, 179 Ga. App. 827 (348 SE2d 98) (1986).

Since we hold that the affidavits were legally lacking, we reach only that question, as it is dispositive.

Plaintiffs alleged that Dr. Lane, a urologist, was negligent in his

treatment of Mrs. Connell for kidney and bladder problems. His negligence constituting medical malpractice, they claim, related to his prescribing for pain control the use of Talwin. Specifically, the acts of negligence were in prescribing it for self-injection without advising plaintiffs of certain potential harmful side effects, namely, abscesses at the sites of injections, addiction, and depression; and prescribing it without advising of its proper use with respect to quantity, frequency, duration, and method of injection, all of which related to the harmful side effects. After using Talwin for about four years, Mrs. Connell developed these side effects, which were then treated by other physicians.

Dr. Lane submitted his affidavit in support of his motion for summary judgment, outlining his professional background and expertise in urology. He described his treatment with respect to the use of Talwin as pain medication. He also set forth his opinion that it was a proper prescription for the pain problem, that he properly instructed her on how to inject it, that he properly instructed her to stop using Talwin and referred her to physicians qualified to treat the side effects when they were brought to his attention, that any problems she suffered as a result of the injections of Talwin were not the result of anything he did or did not do. He concluded his opinion by stating that in all of his treatment of Mrs. Connell, he "exercised that degree of care, skill and diligence generally employed by the medical profession under the same conditions and like surrounding circumstances."

Dr. Lane also submitted the affidavit of another physician, who gave his opinion that Dr. Lane properly consulted him for the treatment of Mrs. Connell's abscesses, which treatment he then undertook.

In response to the motion, plaintiffs submitted Mrs. Connell's affidavit and two affidavits from physicians to counter Dr. Lane's expert opinion. Except for the recitations of medical qualifications, the two affidavits are identical. Both doctors swore that they had examined the certified records of Dr. Lane and the hospital relating to Mrs. Connell's treatment and that in the opinion of each, Dr. Lane "failed to exercise the proper and reasonable degree of care and skill employed by the medical profession generally under similar conditions and like circumstances during [her] treatment. . . ."

These two affidavits failed to create a genuine issue of material fact. The opinions are conclusory only.

They fail to set out in what regards Dr. Lane was negligent. The particulars of negligence must be set out in order to counter the defendant's expert opinion. One, the counteraffidavit must establish "the parameters of acceptable professional conduct." *Beauchamp v. Wallace*, 180 Ga. App. 554, 555 (349 SE2d 791) (1986). Two, the affidavits must set forth specific facts as the basis for reaching the conclusion that treatment did not meet the standard of care. *Bushey v.*

*Atlanta Emergency Group*, 179 Ga. App. 827, supra.

Without these supports, the conclusion collapses and thus fails to raise a genuine issue for trial; summary judgment results. OCGA § 9-11-56; *Loving v. Nash*, 182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987).

Appellee cites a second reason, but we find no support for it. Dr. Lane maintains that plaintiffs' expert affidavits were deficient also in that they were not based on the total relevant medical records of Mrs. Connell from the hospital, as demonstrated by the submission of additional records by defendant.

It is true that the records upon which the opinion is based must be attached to the affidavit or appear somewhere in the record and be referred to in the affidavit. OCGA § 9-11-56 (e); *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885) (1984); *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414, 417 (2) (336 SE2d 268) (1985); cf. *Bush v. Legum*, 176 Ga. App. 395 (1) (336 SE2d 284) (1985). That was done here.

That the affidavits were not based on the *complete* records of Mrs. Connell, or even on all of the salient records, does not render the affidavits fatally deficient, however. It would merely make the opinion subject to impeachment on cross-examination at trial, thus affecting the weight of the opinion rather than its admissibility. It is analogous to the hypothetical question which is not based on the full and complete facts. *Davis v. State*, 153 Ga. 669, 675 (8) (113 SE 11) (1922); *Dix v. State*, 238 Ga. 209, 212 (232 SE2d 47) (1977). See also Green, Ga. Law of Evidence, 2d ed., § 111, p. 187.

On summary judgment all inferences, all ambiguities, and all doubts, are resolved against the movant and in favor of the party opposing the motion, here the plaintiffs. *Jones v. Rodzewicz*, 165 Ga. App. 635, 637 (4) (302 SE2d 402) (1983). Consequently, this second reason falls. The first, however, carries the day.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur in the judgment only.*

DECIDED JULY 14, 1987 —
REHEARING DENIED JULY 30, 1987.

*Ben B. Mills, Jr.*, for appellants.
*G. Stuart Watson*, for appellee.