## 77188. MINCHEY v. ZANE et al.
(374 SE2d 225)

CARLEY, Judge.

Appellant-plaintiff brought this medical malpractice action against appellee-defendants Dr. Richard Zane and Roswell OB-GYN, P.C. Appellees answered, denying the material allegations of the complaint, and subsequently filed a motion for summary judgment. The motion was supported by the affidavit of appellee Dr. Zane, wherein he averred that, in treating and caring for appellant, he had utilized the proper standard of care and skill employed by the medical profession generally under similar conditions and like surrounding circumstances. In opposition to the motion, appellant submitted the affidavit of another physician. The only opinion that was ever ultimately expressed by appellant's expert was merely that the treatment and care afforded to appellant by appellee Dr. Zane had "failed to meet the degree of care and skill ordinarily employed by the medical profession generally under similar conditions and circumstances" and that appellee Dr. Zane's otherwise unspecified "deviation contributed to the injuries and damages sustained by [appellant]." The trial court granted appellees' motion for summary judgment, and it is from that order that appellant brings this appeal.

Appellant enumerates the grant of appellees' motion for summary judgment as error, urging that the affidavit of her expert was sufficient to create a genuine issue of material fact as to appellees' liability for medical negligence. "[E]xpert opinion in opposition to the defendant's motion for summary judgment must establish ' "the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice." [Cit.]' [Cit.]. . . . [T]he plaintiff must produce 'medical testimony . . . to inform the jurors what is a proper method of treating the particular case.' [Cit.]" *Beauchamp v. Wallace*, 180 Ga. App. 554, 555 (349 SE2d 791) (1986). "[T]he plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. [Cit.] She must *state the particulars*. She must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. [Cits.]" (Emphasis in original.) *Loving v. Nash*,

182 Ga. App. 253, 255 (1) (355 SE2d 448) (1987). "Appellant's expert's [affidavit] did not meet that requirement. Rather than setting out what should have been done and comparing that to what was done, the affidavit merely concluded that appellees' treatment did not meet the appropriate standard of care. Such an affidavit, failing to establish the parameters of acceptable professional conduct, is not sufficient to carry the burden required of a plaintiff when a defendant has made a prima facie showing of entitlement to judgment. [Cits.] It follows that the trial court's grant of summary judgment to appellees was not error." *Beauchamp v. Wallace,* supra at 555. See also *Connell v. Lane,* 183 Ga. App. 871 (360 SE2d 433) (1987).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 6, 1988.

*Michael J. Davis, Jr., Taylor W. Jones,* for appellant.
*Dow N. Kirkpatrick II, Karen L. Abrahams,* for appellees.