### 77296. HORNEY v. LAWRENCE et al.
(375 SE2d 629)

BIRDSONG, Chief Judge.

This is an appeal of a medical malpractice suit in which the jury returned a verdict for both appellees against appellant, Dr. John Horney.

During the course of a gastroscopy performed by appellant, the patient, appellee Arthur Lawrence complained several times of pain and/or burning in his hand. Shortly after completion of the procedure, the assisting nurse discovered a significant swelling on appellee Arthur Lawrence's hand. She concluded this swelling was caused by the escape of Valium (extravastation of Valium) from the I.V. needle into the tissue of the hand. Hot compresses were applied to the hand. During the procedure, appellant had difficulty in sedating the appellee. Appellant administered 30 milligrams of Valium, and at one point informed appellee that the latter had received enough medication "to knock out a fat man or a 200 pound man." Normally, approximately 15 milligrams of Valium is required for this type of procedure. When Valium extravastation occurs in the back of the hand, it can cause pain and swelling and can cause local tissue to die. After being discharged from the hospital, appellee Arthur Lawrence continued to experience certain complications, including pain, in his hand. Ultimately, he had surgery on the hand; however, this procedure only partially corrected his injury. *Held:*

1. Appellant, in his first enumeration of error, alleges the trial court erred by allowing into evidence an expert's opinion in response to a hypothetical question containing facts not in evidence. An expert witness is not permitted to give his opinion in answer to a hypotheti-

cal question which is based on facts that have not been "placed in evidence by other witnesses. . . ." *Baldwin v. Walker*, 143 Ga. App. 382 (1) (238 SE2d 695), cert. den.; see *Georgia Power Co. v. Crutch-field*, 125 Ga. App. 488 (3) (188 SE2d 140). However, "[r]eliance can be made upon circumstantial evidence to establish a basis for framing a hypothetical question," and "[t]he question of whether the circumstances were sufficiently proven to establish the fact contained in the hypothetical question is an issue for the trier of fact." *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 413 (343 SE2d 424). Circumstantial evidence exists in the transcript from which the facts in question can be inferred.

2. Appellant's second enumerated error is that the trial court erred by allowing the case to go to the jury when there was no expert testimony establishing negligence on the part of the appellant. In a medical malpractice case, "the general rule is that medical testimony must be introduced to inform the jurors what is a proper method of treating the particular case. 'The . . . jury must have a *standard* measure which they are to use in measuring the acts of the doctor in determining whether he exercised a reasonable degree of care and skill.'" *Howell v. Jackson*, 65 Ga. App. 422 (1) (16 SE2d 45); see *Connell v. Lane*, 183 Ga. App. 871, 872 (360 SE2d 433); *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791).

Appellant made an *in judicio* admission that the standard of care required when injecting Valium into the back of a hand includes observing the vein "every time you inject [it]." From this testimony and other circumstantial evidence of record, it was adequately established that the proper method for the injection of Valium into the veins located in the back of a patient's hand at least includes the visual inspection of the injection site at the time of the injection. Moreover, as noted above, circumstantial evidence exists from which the jury could reasonably infer that the appellant did not visually inspect or observe the injection site at all at the time of Valium injection. Accordingly, we find this assignment of error to be without merit. Assuming arguendo that error occurred by not presenting expert testimony as to the exact type of inspection that would be required, we find such error would be harmless in view of the posture of the evidence in this case. OCGA § 9-11-61.

3. Appellant's third enumeration of error contends the trial court erred by allowing the case to go to the jury when there was no expert testimony establishing that any of appellant's alleged negligent acts proximately caused appellee's injuries. We disagree. " 'Questions of negligence and proximate cause are peculiarly questions for the jury except in clear, plain, palpable and undisputed cases.' " *Gulf Life Ins. Co. v. Folsom*, 256 Ga. 400, 404 (349 SE2d 368), citing *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448 (224 SE2d 25).

There exists relevant evidence, including but not limited to the effect of Valium on skin tissue, the amount of Valium injected into appellee, the swelling of appellee's hand, and the subsequent condition of the hand, from which the jury reasonably could find that the negligence of appellant proximately caused appellee Lawrence's injuries. Determining witness credibility and weighing the evidence are not appellate court functions. See generally OCGA § 24-9-80; *Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254). We will not usurp the functions of the jury as to these matters, suffice it to say there exists adequate evidence in the trial transcript to support the jury's obvious determination of the existence of probable cause.

We find the case of *Parrott v. Chatham County Hosp. Auth.*, 145 Ga. App. 113 (243 SE2d 269), cited by appellant, to be distinguishable from the facts of this case.

4. In the appellant's final enumeration of error, he states the trial court erred in denying his motion for directed verdict. It was not, as contended, error for the trial court to refuse to direct a verdict for the appellant. Based on the evidence of record the jury reasonably could have concluded that the negligence of the appellant was the proximate cause of appellee's hand injuries. See *Campbell v. Forsyth*, 187 Ga. App. 352, 355 (370 SE2d 207). Clearly, the posture of the evidence in this case, together with all reasonable deductions therefrom, did not demand a verdict for appellant. OCGA § 9-11-50 (a).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 3, 1988 —
REHEARING DENIED NOVEMBER 22, 1988.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Mark E. Bergeson*, for appellant.

*Malone & Percilla, Del Percilla, Jr., James G. Stewart*, for appellees.