### 77896. LEAH ENTERPRISES, INC. v. CHOUINARD.
(377 SE2d 514)

DEEN, Presiding Judge.

Leah Enterprises, Inc., d/b/a Solutions, entered into a lease with Alfred R. Chouinard on September 7, 1982. The lease, which expired on October 31, 1987, contained a special stipulation granting the tenant an option to renew for two five-year periods at the then prevailing market rate. The right to exercise the option was conditioned upon the tenant's being current on all rental payments.

When the lease term expired, the landlord demanded possession and the tenant refused to grant it, contending that on October 14, 1987, it notified the landlord that it was contemplating the exercise of its option to renew the lease and inquired as to the prevailing market rental that Chouinard planned to charge. On October 23, 1987, appellant gave Chouinard's attorney a certified check for $710.82, which it claims represented the past-due rent that it owed, and stated that it was exercising its option to renew the lease. Appellee rejected the payment and the attempt to exercise the option to extend the lease. In November of 1987, appellee swore out a dispossessory warrant and both parties filed motions for summary judgment. The trial court

granted the landlord's motion, holding that he was entitled to possession of the premises as a matter of law. *Held*:

Appellant argues that appellee waived strict compliance with the terms of the option to renew the lease by unilaterally terminating its option to renew the lease by inaction and refusal to communicate with appellant.

An examination of the lease shows that the defendant had a right to renew the lease for five years provided the tenant was current in all rental payments. The tenant filed an affidavit stating that it was current in its rent and that the option was exercised properly. The landlord also filed an affidavit in support of his motion, with a copy of the lease and copies of the correspondence between the parties attached. The affidavit stated that the defendant sent an undated letter stating that it sought to renew the lease and that it was current in its rent payments. A second letter, dated October 23, 1987, was also attached, and that letter also stated that the defendant was seeking to renew the option. Chouinard claimed that these attempts were invalid because the tendered amount of arrearages was incorrect, the tenant was in arrears in its rent when it tried to exercise the option, and the rent was still in arrears because the tendered amount was incorrect when it submitted a payment on the arrearage with the second letter. Chouinard contends that the defendant did not take into account the lease provisions which required that a minimum of 4 percent increase in rent, which was to take effect at the time of the new lease; that the option to renew would have required a first and twenty-fifth month's rent paid in advance (which appellant did not pay); and the $220 per month cleanup fee that was required under the lease was not paid for November or any succeeding month. Other alleged lease violations included installation of coin-operated machines on the premises in violation of the lease and installation of unapproved signs which the appellant refused to remove. Chouinard also claimed that the letter seeking to exercise the option and the check for the arrearages was given to his attorney, who was not authorized to accept rental payments or to negotiate a new lease.

We agree with the trial court that the landlord was entitled to possession of the premises. Appellee's affidavit that appellant was in arrears in his rent is not rebutted. Chouinard, however, did rebut the statement contained in appellant's affidavit that it was current in its rental payments. Chouinard's affidavit set forth the entire basis for his cause of action and gave a detailed calculation as to the amounts of back rental payments which were owed under the lease and set forth the basis as to why appellee could not validly exercise the option to renew the lease. Appellee therefore made out a prima facie case as to why he was entitled to judgment as a matter of law on his motion for summary judgment. Appellant filed nothing further. Once

a party moving for summary judgment has made out a prima facie case, the burden of proof shifts to the opposing party who must come forward with rebuttal evidence or suffer judgment against it. *Bright v. Knecht*, 182 Ga. App. 820, 821 (357 SE2d 159) (1987). As appellant presented no rebuttal to appellee's affidavit and appellee successfully rebutted appellant's contention that it was current in its rent, the trial court did not err in finding that Chouinard was entitled to a writ of possession as a matter of law.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED DECEMBER 5, 1988 —
REHEARING DENIED JANUARY 3, 1989.

*James W. Wilson*, for appellant.
*Glenville Haldi*, for appellee.