## A89A1192. HOOKER et al. v. HEADLEY.
(385 SE2d 732)

BANKE, Presiding Judge.

The appellants sued to recover for the loss of their mother due to alleged medical malpractice on the part of Dr. William Headley and the Baldwin County Hospital Authority. The case is before us on appeal from the grant of Dr. Headley's motion for summary judgment.

The decedent died following the performance of an elective surgical procedure known as a gastroplasty, the purpose of which was to relieve her obesity. It is apparent without dispute from the record that the decedent was considered a high-risk candidate for surgery due to various medical problems from which she suffered. According to Dr. Headley's clinical notes, the surgery took about an hour and was completely uneventful. The decedent was thereafter brought to

the recovery room, where she "responded normally" during three hours of observation. Dr. Headley stated in his notes that "because of the intensive care [unit] being full and because the patient was doing extremely well, it was decided that [she] would be transferred back to her room." The appellant was returned to her room at about noon and continued to do well until shortly after 6:00 p.m., when she suffered respiratory arrest and lapsed into a coma. She died the following day after being removed from life-support equipment.

In support of his motion for summary judgment, Dr. Headley submitted his own affidavit averring that he had at all times during his treatment of the decedent exercised "that degree of care, skill and diligence ordinarily exercised by the medical profession generally under similar conditions and like surrounding circumstances. . . ." The appellants responded with the affidavit of Dr. Jack E. Birge, who averred that, based on his review of the hospital records attached to the affidavit, he was of the opinion that, due to her medical problems, the decedent was not an appropriate candidate for surgery "except in a dire emergency as a matter of life and death." Dr. Birge further averred that "this patient certainly should have been cared for by admission to the intensive care unit . . . after surgery," and he attributed her death to her not having received "immediate and constant supervision" following the surgery. *Held*:

We must agree with the appellee that Dr. Birge's averment that the decedent was not an appropriate candidate for surgery was insufficient to establish any basis upon which the appellee could be held liable for her death, inasmuch as it is apparent without dispute from the record that the decedent was informed prior to the surgery that she was a high-risk patient and that she nevertheless expressed her willingness and desire to go forward with the surgery, stating that "she did not feel she could go on the way she had been going." The appellee cannot be held accountable for the appellant's exercise of her own independent judgment under such circumstances. Accord *Sikorski v. Bell*, 167 Ga. App. 803, 805 (307 SE2d 701) (1983). However, Dr. Birge's opinion that the decedent should have been kept in the intensive care unit rather than being returned to her hospital room following the surgery is another matter. Dr. Birge prefaced his opinion in this regard by stating that, based on his review of the hospital records, he had "reached the opinion and conclusion that in connection with the treatment and surgery of [the decedent], [the defendants] did not use or exercise the degree of care and skill employed by the medical profession in general under the same or similar circumstances and that these defendants were negligent in their treatment of [the decedent]." It is thus apparent that the witness was not merely stating what he himself would have done differently but was stating what he considered to be the parameters of acceptable profes-

sional conduct under the circumstances. Compare *Slack v. Moorhead*, 152 Ga. App. 68 (262 SE2d 186) (1979); *Sikorski v. Bell*, supra, 167 Ga. App. at 805. It is further apparent that Dr. Birge was of the opinion that the decedent had died as a direct result of the appellee's failure to adhere to this standard of care. See generally *Jackson v. Gershon*, 251 Ga. 577 (308 SE2d 164) (1983). Compare *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791) (1986); *Minchey v. Zane*, 188 Ga. App. 733 (374 SE2d 225) (1988). We accordingly hold that Dr. Birge's affidavit was sufficient to create a material factual dispute on the issues of negligence and proximate cause, with the result that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 31, 1989.

*Richard B. Thornton*, for appellants.
*Jones, Cork & Miller, Carr G. Dodson, Bradley J. Survant, Long, Weinberg, Ansley & Wheeler, Suzanne M. Trexler*, for appellee.