A90A1521, A90A1522. STRICKLAND v. DeKALB HOSPITAL AUTHORITY; and vice versa.
A90A1523. DeKALB EMERGENCY GROUP, P.C. v. STRICKLAND.
(397 SE2d 576)

BIRDSONG, Judge.

Appellant, Robert Strickland, Jr., appeals the order of the superior court, filed March 22, 1990, granting summary judgment to defendants Dr. Brenda Garland and DeKalb Hospital Authority d/b/a DeKalb General Hospital ("DHA" or "DGH"), and holding moot the motion for summary judgment of defendant DeKalb Emergency Group ("DEG"). Cross-appellant DHA appeals the order of the superior court, filed July 28, 1989, granting partial summary judgment to plaintiff on the issue of collateral estoppel against DHA and denying defendant's cross-motion for summary judgment. Cross-appellant DEG appeals the order of the superior court, filed July 28, 1989, granting partial summary judgment to plaintiff on the issue of collateral estoppel against DEG.

Appellant Strickland received medical treatment for a dislocated

shoulder. He was first seen at the DGH emergency room and then referred to Dr. Brenda Garland for treatment. Dr. Garland had entered a contract with DEG to render necessary medical services as the emergency department physician in attendance at DeKalb General Hospital. DEG had contracted with DHA to provide certain emergency department physician services at DGH.

During the course of treatment, appellant was administered Valium and Demerol. Following treatment appellant apparently was left unattended. He left the hospital grounds and subsequently, on the same day, shot and killed his wife.

Appellant was tried and convicted of the murder. His judgment of conviction was reversed on appeal. *Strickland v. State*, 257 Ga. 230 (357 SE2d 85) (decided June 24, 1987). Appellant was retried and again convicted of murder. This judgment of conviction was affirmed. *Strickland v. State*, 260 Ga. 28 (389 SE2d 230).

Appellant initiated a civil action for medical malpractice against the defendants in summary asserting that he was negligently left unattended while under the influence of drugs administered during treatment, that he was negligently allowed to depart the premises, that it was foreseeable that he would pose a threat to himself and others while in such condition, and that, as a result, he killed his wife while incapacitated by the administered drugs and unable to form intent. Appellant also asserted that his shoulder injury was not properly treated by defendant Garland, and that DHA was negligent in allowing defendants Garland and DEG to practice medicine in their facility and to treat appellant. *Held*:

## I. Case No. A90A1521

1. Appellant asserts that the trial court erred in failing to consider the second affidavit of his medical expert witness. Hearing on the summary judgment motions was held on December 7, 1989; summary judgment order was filed March 22, 1990. The affidavit in question was served on opposing counsel on December 28, 1989, but not filed until January 5, 1990. The trial court subsequently considered "all brief and brief-like materials filed to the date of [the order on motions for summary judgments for various defendants]," but declined to consider evidentiary materials not timely filed. " 'An affidavit made in opposition to a motion for summary judgment not served at least one day before the hearing is barred by the Civil Practice Act from consideration as evidence unless the record discloses the trial court, in the exercise of its discretion, has allowed the affidavit to be served and considered.' " *Brown v. Williams*, 259 Ga. 6 (4) (375 SE2d 835); see generally OCGA §§ 9-11-6 (d) and 9-11-56 (c). The court is vested with discretion whether to consider affidavits untimely served.

*Liberty Nat. &c. Ins. Co. v. Houk*, 248 Ga. 111 (1) (281 SE2d 583); *Splish Splash Waterslides v. Cherokee Ins. Co.*, 167 Ga. App. 589, 595 (6) (307 SE2d 107). However, appellant asserts the trial court abused its discretion, because discovery was not completed, because the delay between the date of the hearing and the court's ruling precluded any claim of surprise, prejudice, or lack of opportunity to respond by opposing counsel, and because the trial court relied in part on appellant's failure to get court approval prior to filing the second untimely affidavit.

Assuming without deciding that discovery had not been completed by the date of the hearing, appellant has failed to establish the existence of any evidence subsequently obtained by discovery to which he did not have access before the date of the hearing and which would have been significant as to the disposition of the motions for summary judgment. Nor did appellant assert the existence of any such evidence to the trial court, although the court considered brief and brief-like materials filed up until the date of its order. Further, *Liberty Nat. &c. Ins. Co. v. Houk*, 157 Ga. App. 540 (278 SE2d 120), aff'd 248 Ga. 111, supra, is distinguishable. The trial court's order on its face reflects that it exercised its discretion in this matter. The record fails to disclose that the trial court abused its discretion in refusing to consider the untimely affidavit in question.

2. Appellant asserts the trial court erred in granting summary judgment motions of appellees Dr. Garland and DHA.

(a) On summary judgment, movant has the burden of showing there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. When, as in the instant case, movant is the defendant, he has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint. In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). In this regard, " '[e]videntiary rules regarding the admissibility . . . of evidence are applicable in a summary judgment proceeding.' . . . [H]earsay evidence is without probative value and [cannot be] considered . . . unless it is part of the res gestae." *Skinner v. Humble Oil &c. Co.*, 145 Ga. App. 372, 374 (243 SE2d 732). Yet, once the party moving for summary judgment has made out a prima facie case, as was done by movants in this case, the burden of proof shifts to the opposing party who must come forward with rebuttal evidence or suffer judgment against it. *Leah Enterprises v. Chouinard*, 189 Ga. App. 744, 745-746 (377 SE2d 514). Further, factual assertions in briefs not supported by evidence of record cannot

be considered on appellate review (*Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223)); and, pleadings unsupported by evidence at the hearing on a motion for summary judgment do not raise factual issues that prevent granting of a motion for summary judgment. *ARA Transp. v. Barnes*, 183 Ga. App. 424, 427 (359 SE2d 157).

(b) Appellees assert that the original timely affidavit of appellant's expert, a medical doctor and board certified psychiatrist, was not sufficient in rebuttal to establish the existence of a genuine issue as to any material fact, within the meaning of OCGA § 9-11-56 (c), which would preclude the grant of summary judgment.

In this case, appellees/defendants pierced appellant's pleadings. For reasons hereinafter discussed, appellant could not thereafter prevail against the motion for summary judgment based upon the matters contained in the original timely affidavit of his expert. See generally *Brumbalow v. Fritz*, 183 Ga. App. 231 (1) (358 SE2d 872). The expert's affidavit must state the particulars; it must establish the minimum requirements of professional conduct applicable to the various professional categories of defendants involved, and set forth how or in what way the various defendants deviated therefrom. See *Hall v. Okehi*, 194 Ga. App. 721 (2) (391 SE2d 787); *Minchey v. Zane*, 188 Ga. App. 733 (374 SE2d 225); compare *Hooker v. Headley*, 192 Ga. App. 629 (385 SE2d 732); *Beauchamp v. Wallace*, 180 Ga. App. 554 (349 SE2d 791); and *Piedmont Hosp. v. Milton*, 189 Ga. App. 563 (377 SE2d 198). The standards of professional conduct imposed upon emergency room doctors could vary significantly from that imposed upon nurses in a particular situation. See *Piedmont Hosp.*, supra at 564 (affidavit of medical doctor, who performed surgery, insufficient as it fails to show affiant is an expert competent to testify in the field of nursing). The original affidavit of appellant's medical expert fails to state adequately the particulars. In view of our holding in Division 1, we need not determine if the expert's subsequent untimely affidavit also was inadequate.

(c) Appellant makes a bare assertion, apparently based on a subsequent conversation with an unidentified physician at the emergency room at Grady Hospital, that Dr. Garland had not completely manipulated his shoulder into place and that is the reason it subsequently dislocated by itself. The hearsay statement of the physician, which was not part of the res gestae, is not admissible in a summary judgment proceeding. *Skinner*, supra. Moreover, " 'the fact that the treatment has resulted unfavorably does not raise even a presumption of want of proper care, skill or diligence.' " *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 202 (1) (345 SE2d 904).

(d) Appellant asserts that the sole proximate cause of the injury sustained when he subsequently shot his wife "was the incapacitating effect of the drugs which had been administered to [him] shortly

before at DeKalb County Hospital under the direction of Dr. Garland and the failure thereafter to adequately supervise [appellant] while [he was] under the influence of the drugs."

OCGA § 51-12-9 provides that "[d]amages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act, but which are not its legal and natural consequence, are too remote and contingent to be recovered."

In *Jacobs v. Taylor*, 190 Ga. App. 520, 525-526 (379 SE2d 563), this court observed: "In order to hold the doctors liable, it must be shown either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the doctors as the original wrongdoers. Negligence is not actionable unless it is the proximate cause of the injury. . . . A wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, but only for a consequence which is probable, according to ordinary and usual experience. The natural and probable consequences are those which human foresight can foresee, because they happen so frequently that they may be expected to happen again. The possible consequences are those which happen so infrequently that they are not expected to happen again. *A [person's] responsibility for his negligence must end somewhere. . . .* [I]t may appear that causes other than the negligent one referred to so preponderated in bringing about the result as to lead us to say, from a human point of view, that the injury was just as likely to have ensued (with only its details somewhat varied, perhaps) if the negligent thing had not occurred. In such cases we exempt the author of the negligence from liability." (Citations and punctuation omitted.)

Generally, an independent, intervening criminal act of a third party, without which the injury would not have occurred, will be treated as the proximate cause of the injury superseding any negligence of the defendant, unless the intervening criminal act is a reasonably foreseeable consequence of the defendant's negligent act. *Collie v. Hutson*, 175 Ga. App. 672, 673 (334 SE2d 13); compare *Bradley Center v. Wessner*, 250 Ga. 199 (296 SE2d 693). "Although under Georgia law questions of negligence and proximate cause are ordinarily for the jury, plain and indisputable cases may be decided by the court as a matter of law. [Cits.] In such plain cases '(t)he inquiry is not whether the defendant's conduct constituted a cause in fact of the injury, but rather whether the causal connection between that conduct and the injury is too remote for the law to countenance a recovery.' " *Collie*, supra at 673.

We find that *Collie*, supra, is persuasive based on the facts of this

case; and *Bradley Center*, supra, and *Southern R. Co. v. Montgomery*, 192 Ga. App. 308 (384 SE2d 907), are distinguishable and not controlling. We find, as a matter of law, that any injury sustained by plaintiff regarding the death of his wife was too remote to countenance a recovery within the meaning of *Collie*. " 'Negligence is predicated on what should have been anticipated rather than on what happened.' [Cits.] And one is not bound to anticipate or foresee and provide against that which is unusual or that which is only remotely and slightly probable." *Moses v. Chapman*, 113 Ga. App. 845 (1) (149 SE2d 850); accord *Ramsey v. Mercer*, 142 Ga. App. 827, 829 (237 SE2d 450).

3. Appellant asserts that the trial court erred in rendering judgment in favor of appellee DEG.

Regarding appellant's assertion that since it was error to grant summary judgment in favor of Dr. Garland or DGH, it was also error to grant summary judgment in favor of DEG, see Division 2, above. Incidentally, the trial court found that the motion for summary judgment filed on behalf of the DEG was mooted by its other rulings.

Assuming arguendo, a genuine issue had existed as to negligence on the part of Dr. Garland which was not too remote, as indicated in subdivision 2 (d), above, nevertheless summary judgment still would have been warranted as to appellee/defendant DEG, had the trial court not considered DEG's motion for summary judgment moot.

In order for DEG to be liable for the negligent acts of Dr. Garland, " ' "it must be shown that the doctor was an employee of [DEG] and not an independent contractor." ' " *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893 (2) (354 SE2d 632). The evidence establishes as a matter of law that Dr. Garland enjoyed the status of an independent contractor in her relationship with DEG. Moreover, OCGA § 51-2-4 provides "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer."

Further, the doctrine of apparent or ostensible agency is not applicable in this case. There is no evidence appellant was caused, by the representations or conduct of DEG, justifiably to rely upon the care or skill of Dr. Garland; that is, there is no evidence of appellant's justifiable reliance on an apparent agency. Compare *Brown*, supra at 896 (3).

4. "Summary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." (Citations and punctuation

omitted.) *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 424 (373 SE2d 515); *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795). Accordingly, we find the trial court did not err as asserted; appellant's other assertions and enumerations of error also are without merit.

### II. Case Nos. A90A1522 & A90A1523

5. Cross-appellants DHA and DEG assert that the trial court erred in granting appellant partial summary judgment against them as to their defense of collateral estoppel. But see *Consolidated Mgmt. Svcs. v. Halligan*, 186 Ga. App. 621 (368 SE2d 148), aff'd *Halligan v. Consolidated Mgmt. Svcs.*, 258 Ga. 471(369 SE2d 745).

In view of our holding in Section I above, we find that cross-appeals A90A1522 and A90A1523 are rendered moot.

*Judgment affirmed in Case No. A90A1521. Appeals in Case Nos. A90A1522 and A90A1523 are moot. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED SEPTEMBER 25, 1990.

Robert Strickland, Jr., *pro se.*

*Sullivan, Hall, Booth & Smith, Terrance C. Sullivan, Timothy H. Bendin*, for Hospital Authority.

*Long, Weinberg, Ansley & Wheeler, Arnold E. Gardner*, for Emergency Group.