A90A1995. TRAYLOR et al. v. MOYER.
(404 SE2d 320)

COOPER, Judge.

Appellant, Christopher Traylor, a minor, and his parents brought this medical malpractice action alleging that appellee negligently ordered that the drug Pitocin be given to appellant Mary Traylor ("Mrs. Traylor") while she was in active labor. Mrs. Traylor experienced an immediate reaction to the drug, undergoing uncontrollable 90-second contractions every three minutes for 27 minutes until she had an uncontrolled non-sterile delivery on a labor stretcher without physician assistance en route to the delivery room. Appellants charged that as a result of "the Pitocin induced traumatic labor and expressed delivery," the child was deprived of adequate blood circulation and oxygen distribution, which caused permanent disability. The trial court granted appellee's motion for summary judgment finding that the affidavit of appellants' expert did not "set forth the standard of acceptable professional conduct or a deviation from that standard by Defendant Moyer which proximately caused Plaintiff's injuries" and did not "create a genuine issue of material fact to be resolved by a jury." The trial court also held that the parents' claim for past and future medical expenses was barred by OCGA § 9-3-71. This appeal followed.

1. Appellants enumerate as error the grant of summary judgment contending that the affidavit of their expert was sufficient to create a

genuine issue of fact as to appellee's negligence. In his affidavit, appellants' expert stated his familiarity "with the standard of care required of obstetric physicians generally in the treatment and care of pregnant women and the delivery of infants" and specifically, "the standard of care required in the use of Pitocin in the delivery process." He averred that Pitocin was ordered by appellee and given intravenously without first examining Mrs. Traylor or being present in the hospital during the administration of the drug and that Mrs. Traylor had contractions 90 seconds in duration every three minutes for 27 minutes after the Pitocin infusion until the "precipitous uncontrolled non-sterile delivery." He concluded that "the act of giving Pitocin to a multiparous patient without prior examination by a physician, without any obstetric indication and without a physician being present during initiation of the infusion falls below the standard care for physicians, nurses and hospitals under like and similar circumstances." The expert added that "[i]t is a well known medical fact that prolonged uterine contractions in labor can produce fetal hypoxia." A "plaintiff cannot prevail on motion for summary judgment by merely presenting a conclusory opinion that defendant was negligent or failed to adhere to the professional standard. [Cit.] She must *state the particulars*. She must establish the parameters of the acceptable professional conduct and set forth how or in what way the defendant deviated therefrom. [Cits.]" (Emphasis in original.) *Loving v. Nash*, 182 Ga. App. 253 (1) (355 SE2d 448) (1987). "[E]very defendant has the right to be advised what harm he has done, and in every case a plaintiff must show prima facie that a negligent act has been committed." Id. at 256. However, " '(e)xplicit conclusory pronouncements out of the mouths of those clothed with the mantle of evidentiary expertise are not essential.' [Cit.] The language in the affidavit may lack the precision indicated from a literal reading of our opinions. But utilization of a common-sense approach to its sufficiency as mandated by *Jackson v. Gershon*, [251 Ga. 577 (308 SE2d 164) (1983)], with a view of the proof in favor of the party opposing the motion, requires our holding that genuine issues of material fact remain." *Hall v. Okehi*, 194 Ga. App. 721 (2) (391 SE2d 787) (1990). In our view, the affidavit indicates that appellants' expert believed that the standard of care of physicians under like and similar circumstances required that there be an examination, some obstetric indication and/or the presence of a physician during its infusion, before Pitocin is given to a multiparous patient in labor and that Mrs. Traylor's traumatic delivery and the child's loss of oxygen resulted from appellee's deviation from the standard. Therefore, the affidavit was sufficient to create a genuine issue of fact as to appellee's negligence and proximate cause, and the trial court erred in concluding otherwise and in granting summary judgment to appellee. See *Hooker v.*

*Headley*, 192 Ga. App. 629 (385 SE2d 732) (1989).

2. Appellants contend that the trial court's order granting summary judgment to appellee as to the parents' recovery of medical expenses could be read to bar the child's recovery of future medical expenses. We disagree. The trial court's order entered on March 16, 1990 made it abundantly clear that the child's action was not time-barred, and the subsequently entered Supplemental Order, while granting summary judgment to appellee, did so as to the parents' claim for medical expenses which was time-barred according to OCGA § 9-3-71.

Appellants also urge this court to interpret the 1987 amendment to OCGA § 9-3-73 to allow a minor to recover his own medical expenses from the point of filing forward, even in instances in which the claim is brought during his minority. We do not find, however, that the change in the statute of limitation as to when a minor may bring an action for medical malpractice altered the holding in *Rose v. Hamilton Med. Center*, 184 Ga. App. 182 (361 SE2d 1) (1987), that the right to recover the medical expenses of a minor is vested with the parents. This enumeration of error is without merit.

*Judgment reversed in part and affirmed in part. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED MARCH 12, 1991.

*Simmons & Toliver, James C. Simmons, Jr., A. Leroy Toliver,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Love & Willingham, Daryll Love, Hezekiah Sistrunk, Jr., Thomas K. Foster,* for appellee.