A92A0510. INFINGER et al. v. UNION CENTRAL LIFE
INSURANCE COMPANY et al.
(418 SE2d 109)

Birdsong, Presiding Judge.

This appeal is from the grant of partial summary judgment to the third-party defendant, The Union Central Life Insurance Company, in a suit by Brawner Psychiatric Hospital against Richard and Andrea Infinger on a promissory note for $22,460.11 relating to their son's treatment at Brawner from February to May 1988. The Infingers brought in Mr. Infinger's employer's insurer, claiming liability for insurance coverage. The trial court's grant of partial summary judgment to the insurer was based on a finding that some (but not necessarily all) of Infinger's conditions treated at Brawner were preexisting conditions, the treatment of which the insurer was not liable to pay. *Held*:

We affirm the ruling of the trial court. Although appellants somewhat unspecifically characterize the trial court's judgment as an inap-

propriate credibility ruling on evidence given by Infinger's physician, the court correctly ruled that whereas the insurer's coverage of Mr. Infinger and his family did not commence until February 2, 1988, his son had been treated in January 1988, for some of the conditions diagnosed and treated during his stay at Brawner, viz., "attention deficit disorder" and "non-aggressive conduct disorder." Following the treatment in January and a recurrence of the youth's unsocial conduct, in which he took the family car and ran away to Arkansas following a disturbance at school, young Infinger was admitted to a hospital on February 2, 1988, and entered Brawner on February 4, 1988.

The evidence shows no genuine issue of material fact that at least for "attention deficit disorder" and "non-aggressive conduct disorder," young Infinger had a preexisting condition as defined under the terms of the insurance policy, for which he had been treated within three months prior to the effective date of the insurance policy (February 2, 1988); these were the same conditions, and were diagnosed and medicinally treated the same, as the conditions for which he had been treated during the previous month. According to the rules to be applied to the evidence and procedure on motions for summary judgment (see *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (397 SE2d 576)), the trial court did not err in granting partial summary judgment to appellee on the limited issue involved.

The trial court also found, however, that jury questions remain as to whether and to what extent young Infinger's treatment at Brawner was for conditions other than the conditions for which he was treated during January 1988, such as *aggressive* (not non-aggressive) conduct disorder, for which treatment the insurer might be liable to pay. The insurer has not appealed this finding against it and we find no cause to reverse the partial summary judgment granted in its favor as to the conditions which were plainly preexisting when appellee's insurance coverage commenced February 2, 1988.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 6, 1992.

*William R. Hurst*, for appellants.
*Lord, Bissell & Brook, Kerry A. Quinn, Bobby G. New*, for appellees.