**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 4, 2012**

# In the Court of Appeals of Georgia

A12A0183. MASSEY et al. v. WIEBE et al.                    AD-009

ADAMS, Judge.

This is a dental malpractice case in which the plaintiff, John F. Massey brought suit against defendant Dr. John Wiebe and his dental practice, Southeastern Oral and Maxillofacial Surgery, P. C. (hereinafter collectively referred to as defendants) contending that his wife, Elizabeth Massey, developed aspiration pneumonia and died after Dr. Wiebe negligently allowed Mrs. Massey to aspirate a three-tooth bridge during an extraction of her teeth for dentures. The jury returned a verdict in favor of the defendants, and the trial court entered judgment accordingly. Massey then filed the present appeal, alleging the trial court erred by giving certain instructions to the jury.

1. Massey's first enumeration of error challenges a charge given by the court in response to a question from the jury, arguing that it was not responsive to the question and that it over-emphasized the plaintiff's burden of proof.

The transcript shows that about one hour after they began deliberating, the jurors asked if there was a definition of the standard of care or if they could "see" a definition of the standard of care. Massey's counsel suggested the trial court respond by telling the jury that "What the standard is in this case came from the evidence, that evidence included the testimonies of the defendant, his experts and defendant's admissions." But the trial judge gave the following charge, which was a re-charge of Charge Number Eight, instead:

> Okay, folks, I understand you had a question. What I'm going to do, the best I can do to answer that question is I'm going to read you the charge, concerning standard of care, back to you:

> In order to recover a verdict against the defendants in this case, the plaintiff has the burden of proving two separate and distinct items by a preponderance of the evidence. First, the plaintiff must prove that the defendants failed to use that degree of care and diligence ordinarily employed by doctors, generally under similar conditions, in like surrounding circumstances.

2

Second, the plaintiff must prove, by a preponderance of the evidence, that any such alleged failure on the part of the defendants was actually a proximate cause of the injuries alleged. There can be no recovery against the defendants, unless it's shown to a reasonable degree of medical certainty that the injury could have been avoided.

If the plaintiff fails to satisfy his burden of proof, on either of these two issues, then you must return a verdict in favor of the defendants. And if you find the evidence is evenly balanced upon either of those two issues, it would be your duty to return a verdict in favor of the defendants.

That was the whole charge, so the plaintiff must prove the defendants failed to use that degree of care and diligence ordinarily employed by doctors, generally, under similar conditions and in like surrounding circumstances.

You heard the evidence in this case. You have to apply the evidence that you heard to the law that I gave you, and the Court can't go back over the evidence with you. You have to do that from what you remember. . . .

First, contrary to Massey's contention, the charge was, at least in part, responsive to the jury's question since the trial court twice made reference to the applicable standard of care. E.g., *Byrd v. Medical Center of Central Georgia, Inc.*,

3

258 Ga. App. 286, 289-290 (574 SE2d 326) (2002). Further, although Massey now argues that another charge–Charge Number Six–was more apt, it does not appear that Massey requested that the trial court give Charge Number Six in response to the jury's question. And we do not think the trial court erred by declining to give Massey's proposed charge, inasmuch as Massey now admits on appeal that his proposed charge did not specifically provide a definition of the standard of care, which was what the jury requested.

As to Massey's further contention on appeal that the re-charge over-emphasized his burden of proof, we note that Massey's objection in the trial court was that the re-charge "unduly places an emphasis when [it] is taken out of context," making it appear that he had to prove his case with certainty, thereby imposing a burden on him that was substantially higher than the law demands. But that was not so, as the trial judge stated twice during the re-charge that the plaintiff had to prove his claim by a preponderance of the evidence. Further, although Massey now argues that this alleged error was "compounded" because the jury had already been charged on the presumption of due care by the defendant, it does not appear that he raised this objection below.

4

In light of the foregoing, and considering that the charge given was a correct statement of the law, we find Massey's challenge to the charge to be unavailing here. Further, we have not been provided a transcript to enable us to review the evidence presented at trial, and thus we will not presume, as Massey urges us to do, that the jury's verdict in favor of the defendants "was virtually demanded by the trial court's erroneous answer to the question."

2. Citing *Horney v. Lawrence*, 189 Ga. App. 376, 377 (2) (375 SE2d 629) (1988), Massey also argues that the trial court erred by charging the jury that expert testimony was required to overcome the presumption of due care because the defendants own admissions in this case were sufficient to establish the standard of care, obviating the need for expert testimony. The record shows, however, that the parties disagreed on the effect of the admissions in light of the evidence presented at trial, something we cannot assess since we have not been provided with a trial transcript. Further, the court in *Horney* acknowledged the "general rule . . . that medical testimony must be introduced to inform the jurors what is a proper method of treating the particular case." And that case did not concern the court's charge to the jury, but rather whether the trial court erred by submitting the case to the jury because there was no expert testimony establishing the doctor's negligence, a

5

contention we rejected because the doctor made an *in judicio* admission about the required standard of care which, along with other evidence presented at trial, adequately established the proper method to be used in the medical procedure of concern in that case. Id. at 377 (2).

Moreover, consistent with the reasoning in *Horney*, the trial judge in this case specifically informed the jury that it was not necessary for the plaintiff to present expert testimony that the defendants were guilty of malpractice, and the court did so immediately after the plaintiff complained about the charge. The court also charged about the effect of the admissions, and specifically instructed the jury that "[i]f the defendants admit that it would have been a violation of the standard of care for the defendants to take . . . or to fail to take a particular action, and you find that the defendants took or failed to take such action, then you shall find that the defendants breached the standard of care." Additionally, the court further explained that "[s]imilarly, if the defendants admit that it would have been a violation of the standard of care if a particular event happened, and you find that the event did, in fact, happen, then you shall find the defendants breached the standard of care." Thus, at least a portion of the charge was favorable to Massey's contention that expert testimony was not needed in this case because of the defendants' own admissions.

6

Based on the foregoing, and considering the charge as a whole, we find that this enumeration also provides no basis for reversal.

*Judgment affirmed. McFadden, J., concurs. Barnes, P. J., concurs fully and specially.*

A12A0183.  MASSEY et al. v. WIEBE et al.                    xx-009

BARNES, Presiding Judge, concurring specially.

Although I concur fully in the majority's analysis and judgment, I also concur specially to emphasize that the appellants did not request the Clerk of the State Court of Chatham County to transmit a complete transcript of the jury trial.  Without the complete transcript, a reversal of the judgment is impossible because there is no way to determine whether the jury charges were appropriately tailored to the evidence or to assess the issue of harm.